SCRIBNER STATE BANK, Appellant, v. RANSOM et al., Respondents.

(151 N. W. 1023.)

(File No. 3638.   Opinion filed April 6, 1915.)

1. **Negotiable Instruments—Bank's Indorsement—Verbal Waiver of Protest, Pending Dissolution Proceedings—Amendment of Complaint.**

   In a suit on a note indorsed by a bank, after possession thereof had been taken by state banking department under liquidation proceedings, **held**, that trial court properly refused to allow plaintiff to amend the complaint to allege a verbal agreement by bank cashier to waive protests and notice of dishonor after the bank was in possession of public examiner.

2. **Banks and Banking—Public Examiner, Authority to Waive Protest—Statute.**

   The public examiner has no authority to waive protest of a note indorsed by the bank under liquidation; his authority be-

ing limited to that conferred by Laws 1909, Ch. 222, as amended by Laws 1911, Chaps. 88, 255, and 256.

**3.   Negotiable Instruments—Indorsement—Presentment, Where Payable—Notice of Dishonor—Sufficiency of Evidence—Directing Verdict.**

Under Civ. Code, Sec. 2191, under which indorser of a note warrants to subsequent holder that, if dishonored, he will upon notice given him, or without notice where it is excused by law, pay the note, unless exonerated under other statutes, held, that, where, in a suit on the note, evidence failed to show presentation for payment at time and place payable, that payment was refused, or notice of nonpayment served on the bank as indorser, a verdict was properly directed for indorser.

Appeal from Circuit Court, Beadle County.  Hon. ALVA E. TAYLOR, Judge.

Action by the Scribner State Bank against A. J. Ransom and others, upon a promissory note.  From a judgment in favor of certain defendants, and from an order denying a new trial, Plaintiff appeals.  Affirmed.

*Henry M. Kidder,* and *A. W. Wilmarth,* for Appellant.

*Gardner & Churchill,* for Respondents.

(1) Under point one of the opinion, Appellant cited: Buchanan v. Hicks, (Ark.) 136 S. W. 177, 34 L. R. A. (N. S.) 1200.

Respondents cited: Weatherer v. Herron, (S. D.) 132 N. W. 232; Brown v. Edmonds, 9 S. D. 273; Scott v. N. W. Port Huron Co., (N. D.) 115 N. W. 192.

(2) Under point two of the opinion, Respondent cited: 34 Cyc. 256; High on Receivers, Sec. 335.

(3) Under point three of the opinion, Appellant cited: Wallace v. McConnell, 13 Pet. 136; Greeley v. Whitehead, 35 Fla. 523, 48 Am. State Rep. 258; Indiana Ry. Co. v. Vavia, 20 Ind. 6, 83 Am. Dec. 403, and note.

Respondents cited: Dewey v. Sivert, 21 S. D. 480; Merchants Bank v. Bentel, 113 Pac. 708; Galbraith v. Sheppard, 86 Pac. 1113; Demelman v. Brazier, 79 N. E. 812; Farquhar v. Higham, (N. D.) 112 N. W. 557; Roper v. Gould, (Calif.) 133 Pac. 622; Civil Code, secs. 2191, 2210, 2221-2.

McCOY, P. J.   On the 13th day of November, 1911, one Ransom, as maker, executed and delivered to the Henderson State Bank of Wessington his certain negotiable promissory note

of that date, for $1,250, due one year after said date. On the 14th day of November, 1911, this note was indorsed by Bert J. Henderson and by the Henderson State Bank, and for a valuable consideration delivered to plaintiff, the Scribner State Bank. In March, 1912, the state banking department, by J. L. Wingfield, public examiner, took possession of the Henderson State Bank for the purpose of liquidating and closing up the affairs of said bank under and by virtue of the banking laws of this state. On the 2nd day of October, 1912, plaintiff filed with said Wingfield a claim against said Henderson State Bank for said note. Thereafter, in April, 1913, the said bank examiner rejected the said claim. Thereafter the plaintiff, Scribner State Bank, as owner of said note, commenced this action against Ransom, the maker, Bert J. Henderson and the Henderson State Bank, as indorsers, and the state banking department, as defendants. The defendants Ransom and Henderson made no answer. The Henderson State Bank and the state banking department, by Wingfield, public examiner, made answer denying the allegations of the complaint, excepting as to the incorporation of said banks. Verdict was directed in favor of the answering defendants on the ground that the evidence failed to show that the said note was presented for payment at maturity at the time and place payable, or that payment was refused, or that notice of nonpayment was ever served upon the Henderson State Bank to fix its liability as an indorser on said note. From the judgment entered plaintiff appeals, assigning various errors.

[1, 2] During the trial plaintiff moved to amend its complaint by adding thereto that after the indorsement and delivery of said note to plaintiff, and before its maturity, the Henderson State Bank, by its cashier, Bert J. Henderson, by verbal agreement with plaintiff agreed to waive protests of said note and notice of dishonor. It appears from the evidence offered by plaintiff in this connection that this alleged verbal waiver occurred in July, 1912, long after the Henderson State Bank had gone into the possession of the public examiner. We are of the opinion that the court properly sustained the objection to the proposed amendment. Plaintiff also further moved the court for permission to amend the complaint as follows: That after the indorsement of said note, and after the Henderson State Bank was in control of

the state banking department by J. L. Wingfield, public examiner, and while one Platts, as special examiner, was in immediate charge of said Henderson State Bank, said state banking department, through said Platts, expressly waived the protest of said note by agreement with plaintiff. We are of the view that the court properly sustained the objection to this proposed amendment. We are of the view that the public examiner, as such, has no authority to make such an alleged agreement. The public examiner has no authority outside of that conferred upon him by the statute law. Chapter 222, Laws of 1909, as amended by Chapters 88, 255, and 256, Laws of 1911.

[3] We are also of the view that the court properly directed a verdict for the answering defendants. The liability of an indorser, under our statute, is fixed by section 2191, Civil Code. If the instrument is dishonored, the indorser contracts or agrees that he will, upon notice of such dishonor duly given to him, or without notice where it is excused, pay the same in full, excepting in those cases where he has been exonerated. Schmitz v. Hawkeye Mining Co., 8 S. D. 544, 67 N. W. 618. It is contended by appellant that, where a note is made payable at a particular time and place, no demand for payment need be averred or proved, and cites authorities to support such contention. An examination of the cited authorities reveals that such rule was applied against the maker of the note, and not against an indorser. The contractual relation of an indorser is entirely different and independent from that of a maker of a note. Formerly, an indorser and a maker could not be sued in the same action. It is only by virtue of section 90, Code Civil Pr., that they may be joined in the same action in this jurisdiction. In this action the maker made no defense, and the only issues tried were between plaintiff and an indorser as represented by the public examiner.

All the various assignments of error have been considered, and, finding no prejudicial error therein, the order and judgment appealed from are affirmed.