GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Appellant, *v.* HAROLD R. CRONIN and Others, Defendants, Impleaded with CHARLES ENO, Respondent.*

First Department, December 9, 1932.

*Abraham J. Halprin* of counsel [*Alfred C. Bennett*, attorney], for the appellant.

*Bernard Hershkopf*, for the respondent.

MERRELL, J. The first separate and complete defense which the plaintiff moved to strike out was that the present action was not commenced against the defendant Eno within three years from the time when the cause of action attempted to be alleged against said defendant accrued to the Equitable Casualty and Surety Company, nor within three years from the time when the said company had actual knowledge of all the facts upon which its alleged right or cause of action against said defendant depended. In short, that plaintiff's cause of action is barred by the three-year Statute of Limitations under subdivision 4 of section 49 of the Civil Practice Act.

The second separate and complete defense sought to be stricken out of the answer of said defendant was that of ratification.

We are of the opinion that the plaintiff's cause of action against the defendant, respondent, for malfeasance and misfeasance in office as a director of the Equitable Casualty and Surety Company

* See, also, 237 App. Div. 182.

is barred by the three-year Statute of Limitations under subdivision 4 of section 49 of the Civil Practice Act, which was derived from section 394 of the Code of Civil Procedure, as amended by chapter 281 of the Laws of 1897 (*Gilbert* v. *Ackerman*, 159 N. Y. 118, 121, 122), and that, therefore, the court at Special Term properly held such defense good.

We are also of the opinion that the second defense contained in the answer of the said defendant, respondent, " That in so far as this defendant ever participated in any of the matters and transactions in the complaint referred to, the said Equitable Casualty and Surety Company with full knowledge of all the facts in any way connected therewith, did, heretofore and long prior to the commencement of this action, fully and duly ratify, approve and confirm the same in all respects," alleges a good defense, and that the court at Special Term very properly refused to strike out the same. It may be that certain derelictions on the part of some of the directors, of which plaintiff complains, may not be subject to ratification by the corporation, but when, as here, the defendant, respondent, alleges that in so far as he participated in such alleged wrongful acts the same were in all respects *duly* ratified, approved and confirmed by the Equitable Casualty and Surety Company, such allegation is of an ultimate fact and not a mere conclusion of law. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 131; *Goldberg* v. *Berry*, 231 App. Div. 165, 169.) The allegation, that said company did " *duly* ratify, approve and confirm," is all-embracing. In his separate answer to the complaint the defendant, respondent, denies every charge of wrongdoing and such denial must be read in conjunction with each of his affirmative defenses. It was unnecessary to repeat such denial in connection with said second separate and complete defense of ratification. (*Blackwell* v. *Columbia Trust Co.*, 199 App. Div. 759, 760.) Therefore, if there be alleged in the complaint acts which are incapable of ratification, the separate defense must be construed as denying the same in so far as it may be claimed that the defendant, respondent, participated therein. Even though the complaint contains omnibus and general allegations of malfeasance and misfeasance against the defendants generally, some of which may have charged acts of wrongdoing which are incapable of ratification, there is no reason for striking out said second separate defense. It must be borne in mind that nowhere in the complaint is there any allegation specifically attributing any of the alleged wrongful acts to the defendant, respondent. It would be unfair to the said defendant to strike said defense from his answer and thereby deprive him of proving at the trial that the acts of wrongdoing with which he was concerned, and which

were capable of ratification, were duly ratified. Under such plea of ratification the defendant, respondent, may be able to show ratification by the corporation by a vote of its stockholders or by other effective legal action by or on behalf of the company.

We think both of the defenses were good, and that the court properly refused to strike the same from the answer of the defendant, respondent.

The order appealed from should be affirmed, with twenty dollars costs and disbursements to defendant, respondent, against plaintiff, appellant.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements.