GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Appellant, v. HAROLD R. CRONIN and Others, Defendants, Impleaded with ARTHUR COHEN, Respondent.

First Department, December 20, 1932.

Abraham J. Halprin of counsel [Alfred C. Bennett, attorney], for the appellant.

David A. Ticktin of counsel [Milton Adler with him on the brief; Powers, Kaplan & Berger, attorneys], for the respondent.

TOWNLEY, J. This action is one of many brought by the Superintendent of Insurance, as liquidator of the Equitable Casualty

and Surety Company, against its officers and directors to compel them to account for their official acts and to recover a judgment for damages sustained by the corporation as a result of the waste, malfeasance, misfeasance and nonfeasance which caused the insolvency of the corporation. Defendant Cohen was one of the directors of the corporation.

In the second defense the three-year Statute of Limitations provided in subdivision 4 of section 49 of the Civil Practice Act is set up. We have recently held that this section is applicable to this type of action. The second defense is, therefore, sufficient. (See *Van Schaick* v. *Cronin*, 237 App. Div. 7, MERRELL, J.)

The paragraphs "three" to "seven" of the answer, pleaded as a separate and distinct defense, set up that the then Superintendent of Insurance, James A. Beha, in person or through his agents, made periodic inspections and constant visitations upon the Equitable Casualty and Surety Company and after hearing the reports of his agents "did make no complaint or criticism nor did he call upon the defendant, Arthur Cohen, to do anything in connection with the affairs, business or operations of the said Equitable Casualty and Surety Company." The answer then goes on to plead:

"*Sixth.* That the said James A. Beha, as Superintendent of Insurance, was satisfied with the business and method of business and the operations of the Equitable Casualty and Surety Company, and the conduct of its officers and directors and made no criticism in connection therewith except when criticism and suggestions were made by him was satisfied that the cause of criticism had been eliminated and that his suggestions had been adopted.

"*Seventh.* That such acts of nonfeasance as were committed by the said defendant were committed by him in reliance upon the facts set forth in paragraphs '.third,' 'fourth,' 'fifth' and 'sixth' hereof."

Both appellant and respondent interpret the defense as pleaded to mean that the Superintendent of Insurance *ratified* the acts of the directors of the Equitable Casualty and Surety Company. Reliance on the failure of the Superintendent of Insurance to criticize is all that is set up in the answer before us.

We find nothing in the nonfeasance of the Superintendent of Insurance to protect the defendant Cohen from the consequences of his own nonfeasance. The duties of directors of financial institutions are well settled. As the Court of Appeals said in *Kavanaugh* v. *Commonwealth Trust Co.* (223 N. Y. 103, 105): "They are summoned to the same degree of care and prudence that men prompted by self-interest generally exercise in their own affairs. (*Hun* v.

*Cary*, 82 N. Y. 65; *Cassidy* v. *Uhlmann*, 170 N. Y. 505; *Hanna* v. *Lyon*, 179 N. Y. 107, 110; *General Rubber Co.* v. *Benedict*, 215 N. Y. 18; *Campbell* v. *Watson*, 62 N. J. Eq. 396; *Warner* v. *Penoyer*, 91 Fed. Rep. 587.) They should know of and give direction to the general affairs of the institution and its business policy, and have a general knowledge of the manner in which the business is conducted, the character of the investments and the employment of the resources. No custom or practice can make a directorship a mere position of honor void of responsibility, or cause a name to become a substitute for care and attention. The personnel of a directorate may give confidence and attract custom; it must also afford protection."

A director of a moneyed corporation cannot rest entirely upon the vigilance of the Superintendent of Insurance. Such reliance constitutes no answer to a charge of nonfeasance.

The order appealed from should be modified by granting the motion to strike out the first defense, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

FINCH, P. J., O'MALLEY and SHERMAN, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). The action is brought by the Superintendent of Insurance of the State of New York, as liquidator of the Equitable Casualty and Surety Company, for an accounting by the several defendants as directors and officers of said casualty company based upon alleged acts of malfeasance, misfeasance and nonfeasance on the part of said directors whereby the assets of said casualty company were lost. Plaintiff also prays for judgment that the defendants and each of them be adjudged and decreed to restore the moneys, assets and property of the said casualty company misappropriated and wasted by them by reason of the alleged improper acts alleged in the complaint, and that the said directors be directed to return and account for all profits and emoluments received by them, directly or indirectly, by reason of the facts set forth in the complaint, and that the defendants be adjudged and decreed to hold in trust for the benefit of the plaintiff all such moneys, and that plaintiff be adjudged to have a lien upon all of the assets and property of the said surety company in the possession of defendants or under their control or such property as was acquired by the defendants with such moneys, and that the defendants be adjudged to pay to plaintiff the cost and expense of the liquidation of the said Equitable Casualty and Surety Company, together with damages for such an amount as the court may decree had been suffered by plaintiff.

Aside from denials, the defendant Cohen set up in his answer two separate defenses, both of which the plaintiff moved to strike out, and from the order denying which motion plaintiff now appeals. The first of these defenses set up in the answer of said defendant, which a majority of this court regards as insufficient, it seems to me was not, as contended by plaintiff, a defense of ratification of the illegal acts charged against the respondent Cohen, but in said defense the defendant Cohen alleged that under the laws of the State of New York it was the duty and function of the Superintendent of Insurance to supervise and inspect the operations of said surety company, its method of conducting business, the acts of its officers and directors, which duty the Superintendent performed, and the said Superintendent received reports in writing and otherwise and from time to time required additional reports to be filed with him, which requirements were duly complied with by the said Equitable Casualty and Surety Company; that the said Superintendent of Insurance, after periodic inspections and constant visitation upon said surety company and after reading said reports made to him, and after being apprised by the reports of his duly authorized deputies and agents concerning the affairs of said surety company and concerning its business operations, and concerning the acts of its officers, made no complaint or criticism, nor did he call upon the defendant Cohen to do anything in connection with the affairs, business or operations of the said surety company. The said defendant alleges in said first defense that the said Superintendent of Insurance was satisfied with the business and method of business and the operations of said surety company and the conduct of its officers and directors and made no criticism in connection therewith " except when criticism and suggestions were made by him was satisfied that the cause of criticism had been eliminated and that his suggestions had been adopted." Finally, the said defendant alleges that such acts of nonfeasance as were committed by the said defendant were committed by him in reliance upon such conduct on the part of the Superintendent of Insurance.

As a second separate and distinct defense to the complaint the defendant alleges that the alleged cause of action set forth in the complaint did not accrue within three years next preceding the commencement of the action. As to such defense this court is unanimously of the opinion that such defense is good and that the three-year statute applies to the present action, and that, therefore, the action is barred under the provisions of subdivision 4 of section 49 of the Civil Practice Act.

As to the first separate defense above mentioned, I am of the

opinion that such defense also is good at law. It is not the contention of the respondent Cohen that said first defense is good against allegations of the complaint charging said defendant, respondent, with misfeasance or malfeasance. It is merely the claim of the respondent that said defense is good as against charges of *nonfeasance* contained in the complaint. There is no contention, as the appellant apparently thinks, that the Superintendent of Insurance has waived any acts of nonfeasance or that he is estopped from asserting them if such in fact exist. The defense here under consideration merely sets up facts upon which the defendant claims he relied as justification for any alleged acts of nonfeasance. The law is well settled in this State that a director is only required to use such a degree of prudence, diligence and watchfulness over the affairs of the corporation of which he is a director as any careful and prudent businessman would use in the conduct of his own business. (*People* v. *Mancuso*, 255 N. Y. 463.) The first defense contained in the answer of the defendant alleges that the Superintendent of Insurance, who is a State officer appointed for the purpose of supervising the conduct of insurance companies in this State and who enjoyed and exercised visitorial powers, and who demanded periodically from the officers of the surety company reports of the affairs of said corporation, and who made suggestions concerning its business methods and saw that such suggestions were followed, was apparently satisfied with the regularity and method of business adopted by said corporation or, at least, made no criticism thereof. The defendant further alleges that by virtue of the continued existence of the corporation constantly under the supervision of the Superintendent of Insurance the defendant Cohen was justified in believing that the affairs of his company were being conducted in such a manner as to satisfy the most careful scrutiny. It would seem that so far as any allegations of nonfeasance are concerned, such allegations on the part of the defendant were entirely pertinent and tend to relieve him of any charge of negligence or nonfeasance as a director of said surety company. I think the defendant, respondent, had a right to rely upon the results of the examinations conducted by the Superintendent of Insurance and the failure of the latter to make any criticism whatever of the manner in which the corporation's affairs were conducted. Surely, no more could be required of the defendant, respondent, than a reasonable regard for the proper management of his company. The Superintendent of Insurance had at all times at his command a large retinue of deputies, assistants, investigators and accountants, and periodically examined into the affairs of the surety company and made no complaint with reference

thereto, except as to such matters as were promptly complied with by the officers of the corporation. It seems to me that the defendant, respondent, can hardly be called to account for neglect because of his nonfeasance when the Superintendent of Insurance, with his superior opportunities, saw nothing wrong. As to the duties of directors of corporations the old case of *Wakeman* v. *Dalley* (51 N. Y. 27) well defines such obligations of directors. In my opinion, the existence of the facts set forth in said separate defense was properly for the consideration of the trier of the fact upon the question as to whether or not defendant Cohen had been guilty of nonfeasance in the performance of his duties as a director. Of course, the present Superintendent of Insurance, plaintiff herein, was not serving at the time of the alleged acts of the Superintendent of Insurance set forth in said defense, but the office of Superintendent of Insurance is a continuing one, and the defense is against the Superintendent of Insurance as liquidator. As a matter of fact, the plaintiff was appointed liquidator by virtue of his office of Superintendent of Insurance under section 63 of the Insurance Law.* He cannot relieve himself from any acts or rulings rendered by his predecessors while acting within the scope of the office. The defendant is charged with certain acts of nonfeasance and with failure to act as a prudent business man should act with reference to said corporation. In his separate answer he properly alleges new matter to show that because of the conditions alleged in said defense he is guilty of no culpable act of nonfeasance. He excuses any charge of nonfeasance on his part by alleging that the person charged by law with the duty of inspecting and supervising the corporate affairs and who had demanded, examined and approved reports of the corporation of its business conduct and the granting of permission to continue its business, making no complaint, but apparently acquiescing in the conduct of the business of said corporation. Certainly the supervision of the Superintendent of Insurance of the affairs of the corporation and his indorsement of their regularity are matters to be considered in determining as to whether the defendant Cohen exercised reasonable prudence in failing to discover the alleged wrongful acts and more closely scrutinizing the affairs of the corporation. As a director the defendant was not called upon to watch the small, varied transactions of the corporation. If such requirement was put upon him he could not humanly perform such duty. I think he had an entire right to rely upon the apparent acquiescence of the Superintendent of Insurance as to the conduct of the corporation. (*Kavanaugh* v. *Gould*, 147 App. Div. 281, 289.)

---

* Repealed by Laws of 1932, chap. 191.— [REP.

As to the alleged acts of malfeasance and misfeasance charged against the directors, including the defendant, respondent, there is no claim that said defense met such allegations of the complaint. It is merely with reference to the alleged acts of nonfeasance on the part of the defendant, respondent, that the first separate defense presents an issue.

I think the order denying plaintiff's motion to strike out the two defenses was proper and should be affirmed, with costs to defendant, respondent, against plaintiff, appellant.

Order modified by granting the motion to strike out the first defense, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.