Joseph A. Broderick, Superintendent of Banks, Plaintiff, *v.* Max Aaron and Others, Defendants, Impleaded with Oscar L. Graf, Defendant.

Supreme Court, New York County, April 29, 1933.

*Carl J. Austrian* [*Arthur Ofner, Harold N. Cohen* and *Warren C. Fielding* of counsel], for the plaintiff.

*David Steckler* [*Edmund B. Hennefeld* of counsel], for the defendant Graf.

VALENTE, J. A motion is made by defendant Graf under rule 106 of the Rules of Civil Practice for an order dismissing the complaint on the ground that it is legally insufficient. The action was instituted by the Superintendent of Banks against the stockholders of the Bank of the United States to recover the statutory liability under section 80 of the Banking Law. The two grounds of the motion are: *First*, that the Superintendent has failed to set forth the ultimate facts constituting each and every claim against the bank for the deficiency in the assets to meet which the stockholders are sought to be held liable to the extent of the par value of their stockholdings. The *second* ground is that the Superintendent has failed to give proper statutory notice to creditors to present their claims, the giving of which notice is a condition precedent to the maintenance of the action.

The first objection involves a consideration of the sufficiency of paragraph 6 of the complaint, which reads as follows: " 6. Subsequent to the 29th day of June, 1931, and prior to July 1st, 1932, plaintiff, after an examination of its affairs, determined and ascertained that the reasonable value of the assets of The Bank of United States was not sufficient to pay its creditors in full, and that there was due and owing by such Bank to its depositors and creditors for moneys received and due and unpaid upon deposit accounts and other moneys owing, for value received, upon its contracts, debts and engagements a sum in excess of $30,000,000 over and above the reasonable value of such assets. Upon information and belief at the time of such determination such insufficiency of assets as so fixed and ascertained existed and has since continued."
Defendant argues that this paragraph only alleges a conclusion of law and that defendants are entitled to have the Superintendent of Banks allege and prove each and every claim against the bank so that the facts upon which the existence of a deficiency is predicated may be met by the stockholders sought to be assessed. Such an interpretation would put an almost insuperable burden upon the pleader. Whatever may be the rule in connection with alleging the ultimate facts in an action based upon an individual debt, the rule can hardly be extended to apply to a pleading of insolvency. As the court said in *Campbell* v. *Heiland* (55 App. Div. 95, 97): " It is true that insolvency is a conclusion, but it is a conclusion of fact drawn from certain other facts. But it is properly pleaded,

for the alternative would be to plead the evidence, which is never required." The complaint does not allege mere insolvency, but by stating that the liabilities exceed the assets by a sum in excess of $30,000,000 it establishes a basis for a demand of a ratable contribution by the stockholders in a sum at least equal to the par value of their stock. No possibility of surprise or hardship is imposed upon the stockholders. They may obtain a full statement by bill of particulars of the assets and liabilities so as to be able to challenge the contention of the Superintendent of Banks that a deficiency exists. In fact, the law provides that an inventory of the assets be filed in the office of the clerk of the county in which the principal office is located (§ 66), and that the list of all claims be likewise filed in the same office (§ 75). It is to be presumed that the Superintendent has done his duty and filed such statements. If the assets are undervalued or some unjustifiable or improper claims are included in the statement of liabilities, the defendant may have access to the information to enable him to contest the accuracy of the Superintendent's determination. That it is not the intention of the statute to impose such obstacles in the matter of pleading and proof as might be exacted perhaps in a judgment creditor's action is found in the language of the very section 80 of the Banking Law, which facilitates proof by the Superintendent of the facts alleged by him and puts the burden of going forward upon the defendants. That provision reads as follows: " In any such action, the written statement of the superintendent, under his hand and seal of office, reciting his determination to enforce the individual liability, or any part thereof, of such stockholders, and setting forth the value of the assets of such corporation and the liabilities thereof, as determined by him after examination and investigation, shall be presumptive evidence of such facts as therein stated." If presumption of proof is thus facilitated, it is difficult to assume that the statute requires the Superintendent of Banks to make a part of his claim full evidentiary schedules showing the genesis of each creditor's claim, together with other data connected with it. Furthermore, it is not necessary for the Superintendent to show with mathematical certainty that the liabilities will be in excess of the assets so as to subject the stockholders to statutory liability. Thus section 79, in providing that the Superintendent shall return to stockholders their *pro rata* share of any collected assessment not finally necessary to pay creditors in full, indicates the possibility that the Superintendent might overestimate the deficiency and might over assess the stockholders. The first objection to the complaint is, therefore, overruled.

The defendant further contends that the Superintendent having

directed the creditors to present and make proof of their claims in a period shorter than four months, was required to allege in accordance with the language of section 72 that he had found that such shorter period would afford a reasonable time for presenting claims and making proof thereof. This objection is without merit. The complaint alleges that the Superintendent duly gave notice to creditors to present their claims. Such an allegation is one of an ultimate fact and not a mere conclusion of law. (*Van Schaick* v. *Cronin*, 237 App. Div. 7.) This is particularly true in the case of an allegation of an act by a public officer, as in connection with his acts there is a presumption of proper performance of duty.

The motion to dismiss the complaint is denied. Order signed.