DAVID KAUFMAN, Plaintiff, v. INVESTORS SYNDICATE, a Minnesota Corporation, Defendant.*

Supreme Court, New York County, August 2, 1933.

* See, also, 149 Misc. ——.

*Kaufman & Weitzner* [*Benjamin H. Berman* of counsel], for the plaintiff.

*Schurman, Wiley & Willcox* [*Jacob Gould Schurman, Jr., Alanson W. Willcox* and *Bernard Phillips* of counsel], for the defendant.

SCHMUCK, J. Motions granted. The answer of the defendant is stricken out and summary judgment is awarded the plaintiff for the amount prayed for in the complaint. Let the clerk enter judgment accordingly. The basis of this application is that the defendant was engaged in the business of an investment company in the State of New York without having obtained a license from the Superintendent of Banks. The point is advisedly proposed.

Section 302 of the Banking Law provides that any foreign corporation selling or offering for sale in this State any accumulative investment certificates upon installment payments of less than $500 each should be construed as transacting the business of an investment company and shall be subject to the provisions of law affecting such corporations. Section 304 of the same statute provides that before a foreign corporation, chartered to do business as an investment company, can carry on that business in this State a license must be obtained from the Superintendent of Banks. The defendant failed to comply with these conditions and after they became effective made the contract which plaintiff hereby seeks to abrogate.

Even if the laws of Minnesota, where defendant was chartered, were to be considered, they cannot affect the problem here presented. A consideration of the Minnesota statute favorable to the defendant would nullify and destroy the very purpose of the Banking Law of this State. Under such circumstances all a foreign corporation need do would be to obtain a certificate to do business under the Stock Corporation Law and thus have an advantage denied a domestic corporation. Surely nothing can be more repugnant than to suggest that the courts lend themselves to a violation of law no matter how adroitly and seductively the suggestion is made. It is not logical to propose that a foreign corporation will be abetted in circumventing the law enacted as a safeguard when the domestic corporation is held strictly to the letter of the law.

To hold that a foreign corporation must obey the law, and in this instance the Banking Law, does not deprive this defendant of any constitutional prerogative and does not take away its property without due process of law nor deny it equal protection of law.

The contention that having relied upon the advice of the Superintendent of Banks and qualified under the Stock Corporation Law, the defendant is excused for its violation of the banking laws and immune from penalty for its unintentional violation is untenable. Nonfeasance, as was held in *Van Schaick* v. *Cronin* (237 App. Div. 182), on the part of the individual is not condoned because it resulted from non-feasance on the part of a public official. A financial corporation may not wholly rest on the vigilance of the Superintendent of Banks.

If, therefore, it be determined that the contract was made in this State, plaintiff must succeed, or if it be found that regardless of where the contract was made to enforce it would be against the policy of this State, plaintiff likewise must have the advantage. (*People* v. *Martin*, 175 N. Y. 315.) In deciding this question the court is instructively guided by the rule enunciated in *Hooley* v. *Talcott* (129 App. Div. 233). The crux of the problem is to discover where the meeting of the minds took place. When that is decided upon nothing matters; neither the date of the instrument, where signed nor where payable is controlling. Here the meeting of the minds took place in New York and this conclusion is not shaken by the fact that the certificate approving the deal was signed and dated at Minneapolis, Minn. If this defendant was not doing an investment business in New York and if this contract was not agreed upon here then never would it be possible to bring a foreign corporation within the law and under the control of the courts of this State. Order signed.