JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ANDREW H. HORVATT and Others, Defendants.

Supreme Court, Broome County, August 21, 1933.

*Hinman, Howard & Kattell,* for the plaintiff.

*Mangan & Mangan,* for the defendant Thomas J. Mangan.

*Lusk, Buck & Ames,* for the defendants Churchill, Ellis and Greskovic.

PERSONIUS, J. The plaintiff is in possession of and liquidating the State Bank of Binghamton, N. Y., hereinafter referred to as the " State Bank." The action is brought for the benefit of the depositors. The defendants were the directors of the State Bank. The complaint alleges that they were " careless, negligent and reckless " in performing their duties, whereby the depositors were damaged.

The State Bank was the successor of a private bank owned and conducted by Andrew J. Horvatt who became the president of the former.

The defendants' negligence is alleged to have been committed in connection with the taking over of the assets of the private bank, the organization of the State Bank, the selection of the active

officers and employees, the management of its business and assets and, generally, in connection with their supervision, control and examination of its affairs.

The answering defendants admit certain allegations of the complaint, deny others and allege several affirmative defenses, the second and third of which the plaintiff now moves to strike out.

The second defense alleges that the Superintendent of Banks and his predecessors in office were negligent in the performance of their statutory duties of supervision, examination and control. Such negligence is alleged to have been committed in connection with substantially the same matters.

The answers conclude that it was the negligence of the plaintiff-Superintendent and his predecessors which caused the loss to the bank and that no negligence of the defendants contributed thereto.

Briefly, what is the duty and responsibility of bank directors? They are not insurers. Both parties cite *Kavanaugh* v. *Gould*, also reported as *Kavanaugh* v. *Commonwealth, etc. Co. and Gould*. This case first resulted in a judgment for the plaintiff which was reversed on opinion (147 App. Div. 281). The second trial resulted in a dismissal of the complaint. This was affirmed without opinion (169 App. Div. 905), but reversed on opinion and a new trial granted (223 N. Y. 103). Both opinions cite *Cassidy* v. *Uhlmann*, 170 N. Y. 505, where it is said (p. 517) that a director " should exercise at least the same degree of care that men of common prudence exercise in their own affairs." And again (p. 516): " For obvious reasons the duties which attach to this relation cannot be precisely defined. *They cannot be the same under all circumstances;* nor can they be imposed with unvarying exactness upon all directors alike." In other words, the degree of care which a director is required to use may vary with the circumstances. The trier of the fact must determine the degree required. To do so he is entitled to know the circumstances under which the duty was performed. In the last analysis, directors are required to exercise ordinary care, prudence, skill and judgment and reasonable diligence, the same degree of care and prudence that men, prompted by self interest, generally exercise in their own affairs. Such is the language of the numerous cases defining their duty. Just what degree of care is required *under the circumstances of a particular case* and whether the directors measured up to that degree of care, are questions of fact to be determined upon evidence of the circumstances and of the acts done or omitted by the directors.

What is the superintendent's duty? He has, under the Banking Law, broad duties and powers with respect to the supervision and management of banks and as to control over bank officials and

directors. Upon its organization the superintendent must investigate as to the character, responsibility and fitness of the organizers, and see that the capital stock is paid in. He is required to make examinations as to the conduct of the business, investments, resources, bookkeeping, etc. He may administer an oath and examine any party under oath. He may close and take possession of the bank, revoke its charter, require it to change its methods, etc. In short the superintendent has very broad powers of supervision and control.

What bearing, if any, has the negligence of the superintendent upon the question of the negligence of the directors? The answer to this question is involved in the determination of these motions.

Speaking generally, when should allegations be struck out?

" Ordinarily a party will be permitted to draft his pleadings to suit himself    *    *    *    and no part of his pleading will be stricken out    *    *    *    unless the court can see that the moving party is aggrieved by it and that the striking it out does no harm to the pleader." (*Stieffel* v. *Tolhurst*, 55 App. Div. 532, 533.)

In *Hains* v. *New York Evening Journal, Inc.* (138 Misc. 504, at p. 506) the court succinctly summarized the rules which have been evolved with respect to striking out allegations. It said: " Finally, the court does not favor motions of this character and invariably will deny the same unless it is apparent, as is not the case here, that the moving party is or will be prejudiced by the retention of the matter objected to, and that the granting of the motion will not harm the adverse party; and if, under any possible circumstances, evidence of the facts pleaded in the questioned allegation has any bearing on the subject matter of the litigation, a denial of the motion is in order    *    *    *.    The relevancy and competency of such facts may be passed upon at the trial."

" The power of the court to strike out irrelevant and redundant matter should be exercised with caution. To authorize the exercise of the court's discretion in that respect, the irrelevancy must be clear and the redundancy unquestioned; and it also must appear that the moving party is aggrieved thereby." (*Nasmie Co.* v. *Quasman*, 215 App. Div. 724.)

In *Noval* v. *Haug* (48 Misc. 198, at p. 201) the court said: " If the allegations were permitted to remain, would evidence in support thereof be admitted on the trial? If so, the motion should be denied; if not, it should be granted."

To the same effect see *Gerseta Corp.* v. *Silk Association of America* (220 App. Div. 302, 305); *Savage Realty Co., Inc.,* v. *Lust* (203 id. 55, 58); *Rockwell* v. *Day* (84 id. 437, 440); *Goodrow* v. *New York American, Inc.* (233 id. 37, 40).

Applying these rules to the questioned allegations, it should be noted first that the allegations of negligence or non-feasance on the part of the plaintiff and his predecessors *are not alleged as contributory negligence.* In other words, the defendants do not claim that the negligence of the plaintiff and his predecessors is a defense *even though the defendants were negligent,* but they seek to account for the loss sustained by showing that it was caused by the negligence of parties other than the defendants, to wit, the plaintiff and his predecessors and their employees and representatives. They also say that they are entitled to show the acts and reports of the Superintendent of Banks, along with other circumstances, as bearing upon the *degree of care* required of the defendants.

The directors, of course, can only be held for damages caused by their misconduct. It would be proper for them to show that the loss was not occasioned by their negligence. Would it not be competent for them to establish this by showing that the loss was occasioned by the negligence of some other party?

Upon the trial the degree of care and diligence required of the defendants will be a question of fact for determination. Bearing upon that issue, will not the defendants be entitled to prove the circumstances under which they served? Might not the trier of the fact say that the directors were justified in exercising less diligence in view of the fact that the Superintendent of Banks was apparently performing his duty as to the private bank, as to the reorganization and the State Bank? If the trier of the fact may properly consider these circumstances, the defendants may properly prove them. If they may prove them, they may plead them.

We think the facts pleaded may, to some extent, have a bearing in determining what the defendants, acting with reasonable diligence, should have done and what they were justified in leaving undone. " On a motion to strike out a portion of an answer, if under any circumstances the facts alleged might be material to a defense, they should not be stricken out. *It should be left to the court at the trial to admit or reject the evidence in the light of the other evidence produced.*" (*Savage Realty Co., Inc.,* v. *Lust,* 203 App. Div. 55, 58.)

We do not say that the supervision exercised by the superintendent and his predecessors relieved the defendants from their duty to exercise reasonable diligence. We do say that the fact that the former were apparently doing their duty, making examinations, reporting thereon, making no criticisms, etc., may properly be considered in determining what diligence was required of the defendants. Whether in the exercise of reasonable care and diligence the defendants might rely on their acts and reports, and

if so, to what extent, are questions to be determined at the trial.

In an ordinary negligence case, it is said that one party, performing his duty, has a right to assume that the other party will perform his duty, at least until it becomes apparent that the other party is not doing so.

It may be contended that the defendants could prove the facts alleged under a general denial but " it is immaterial to this discussion to inquire what matter may or may not be given in evidence under a general denial to the complaint. It is enough to say that it is competent for the defendant to plead specially, and give in evidence any facts which tend to rebut the existence of malicious motives on his part in causing the prosecution in question, and if the matters stricken out of the answer partake of that character, the order appealed from should be reversed." (*Bradner* v. *Faulkner*, 93 N. Y. 515, 520.) " Nor does it follow that the second defence should be stricken out, because it contains matters which may be proved under the general denial * * *. The question in every such case now is, whether the matters stated constitute a defence, and not whether they might have been proved under some other form of pleading." (*Hollenbeck* v. *Clow*, 9 How. Pr. 289, 292.)

*Van Schaick* v. *Cronin* (237 App. Div. 182) was brought by the Superintendent of Insurance, charging the directors with non-feasance, etc. The answer alleged that the superintendent made periodic inspections and thereafter made no complaint or criticism but was satisfied with the conduct of the officers and directors, and that the acts of non-feasance charged were committed by the defendant in reliance thereon. The parties and the court treated the separate defense as one of *ratification*. The court held that the non-feasance of the superintendent did not protect the director from his non-feasance, and that the latter could not " rest entirely upon the vigilance of the superintendent." In other words, it held that *if* the defendant director was guilty of non-feasance, the non-feasance of the superintendent was not a defense. The defendants here do not so claim. They say that they were guilty of no negligence and that the loss was due solely to the negligence of the plaintiff and his predecessors in office. They allege the facts constituting the superintendent's negligence in order that they may prove them and thereby free themselves from the charge of negligence. In *Van Schaick* v. *Cronin* (*supra*) the separate defense, treated as an absolute defense of ratification (as it was by a majority of the court) was properly stricken out; treated, as it was in the dissenting opinion, as an allegation of " facts upon which the defendant claims he relied as justification for any alleged acts

of nonfeasance," it should not have been stricken out. MERRELL, J., said (p. 187): " In my opinion, the existence of the facts set forth in said separate defense was properly for the consideration of the trier of the fact upon the question as to whether or not defendant Cohen had been guilty of non-feasance in the performance of his duties as a director. * * * Certainly the supervision of the Superintendent of Insurance of the affairs of the corporation and his indorsement of their regularity are matters to be considered in determining as to whether the defendant Cohen exercised reasonable prudence in failing to discover the alleged wrongful acts and more closely scrutinizing the affairs of the corporation." This quotation is from a dissenting opinion but we believe the reasoning of both the prevailing and dissenting opinions is sound when considered in the light of the divergent views taken of the nature of the affirmative defense. We think the second defense here alleged comes within the view taken in the dissenting opinion and should stand.

The third affirmative defense realleges the allegations of the second and says in substance that the plaintiff and his predecessors ratified all the acts of the State Bank and its active officers and employees who actually caused the defalcations and " that by reason of such ratification * * * this plaintiff is estopped from setting up the same against " the defendants. We hold that the facts alleged, including any assurance given to the defendants by the superintendent and his predecessors, may be considered as bearing upon the question of reasonable care and negligence, but if the defendants were negligent, the superintendent could not ratify their negligent acts. (*Van Schaick* v. *Cronin,* 237 App. Div. 182.) No more could it ratify the wrongful acts of the officers and employees. In *Van Schaick* v. *Cronin* (237 App. Div. 7) the answer alleged that the *corporation* ratified. The court held that this was a proper defense to the charges of misconduct which were *capable of ratification.*

This action is for the benefit of creditors, as well as the State Bank. (*Attorney-General* v. *Guardian Mut. Life Ins. Co.,* 77 N. Y. 272.)

The motion to strike out the second defense is denied. The motion to strike out the third defense is granted. No costs. Submit order accordingly.