## DOWNEY v. BANKER et al.

District Court, S. D. New York.
April 11, 1940.

Benjamin W. Moore, of Yonkers, N. Y., for plaintiff.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll and Paul D. O'Brien, both of New York City, of counsel), for defendant O'Brien.

HULBERT, District Judge.

Motion for judgment on the pleadings.

The action is by the receiver of a defunct national bank against directors to recover the bank's losses resulting from defendants' alleged negligence and illegal administration of its affairs.

Defendant O'Brien moves upon the second amended complaint, plaintiff's bill of particulars, and his own answer.

The basis of the motion is that the cause of action is barred by the statute of limitations. It is not disputed that Section 49, subdivision 4 of the New York Civil Practice Act is the applicable statute. It reads as follows:

"§ 49. Actions to be commenced within three years. The following actions must be commenced within three years after the cause of action has accrued: * * *

"4. An action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created."

The question is one of interpretation.

The motion by its nature admits the allegations of fact and a succinct statement of those essentially important should make the disposition of this motion intelligible.

O'Brien became a director Sept. 30, 1929, and ceased to be a director June 17, 1932.

There were 34 directors. Nineteen of those directors were in office during O'Brien's tenure and continued in office until the appointment of a conservator March 20, 1933.

The terms of office of seven other directors ended prior to O'Brien's and six other directors continued in office after the end of his term but were out of office before the appointment of the conservator.

A national bank examination was had Oct. 31, 1932, and the report of that examination was reviewed by the then board of directors on Jan. 4, 1933.

Jerome Bradley became a director Jan. 17, 1933, when O'Brien was no longer a director, and after the board had considered the report of the bank examiner.

The receiver was appointed Jan. 23, 1934, and this action was commenced Feb. 28, 1936.

If the three year statute of limitations applies that cause of action must be deemed to have accrued prior to Feb. 28, 1933.

Obviously the determination of this motion turns on the significance of the discovery provision of the statute. Its history has been thoroughly discussed by counsel in elaborate briefs. It was first introduced into the law of this State in 1876, Laws 1876, c. 448, § 394, eliminated in 1877 Code Civ.Proc. § 383, and resolved in 1920.

Counsel for the moving defendant urges that its intent when last written into the statute was to protect stockholders in cases of fraud and concealment but in actions like the instant case, it could have no possible purpose. A plethora of cases is cited in support of the contention that the Court may give the discovery provision such a construction but that would do violence to the statute; it would be equivalent to amendment by judicial ukase and I regard that as still the function of the legislature.

While O'Brien's services as a director ended on June 17, 1932, the date when his liability terminated is a question of fact and must depend upon the proof developed at the trial.

It is true that no conspiracy is alleged, but the Court does not possess intuitive sagacity or perception sufficient to foretell what evidence may be offered under the allegations of the amended complaint that Bradley and other named directors-defendants "wrongfully, carelessly and negligently omitted in any way to complain of or in any way to enforce the liability of the other directors of said Bank * * *."

Motion denied. Settle order.