**LOUGHMAN v. PITZ et al.**

Civil No. 568.

District Court, E. D. New York.

Jan. 2, 1941.

See, also, 29 F.Supp. 882.

Abraham Fishbein, of New York City, for defendants Edward A. Muller and Henry W. Muller, for the motion.

Edwin V. Hellawell, of New York City, for plaintiff, opposed.

CAMPBELL, District Judge.

This is a motion for an order granting the defendants Edward A. Muller and Henry W. Muller, judgment on the pleadings dismissing said complaint as to said two defendants, upon the ground that it appears on the face thereof and upon the plaintiff's bill of particulars dated April 9, 1940, and plaintiff's supplemental bill of particulars dated June 14, 1940, that the said alleged claim and cause of action against the said defendants Edward A. Muller and Henry W. Muller are barred by the Statute of Limitations of the State of New York, Section 49, Subdivision 4, New York Civil Practice Act, and for such other and further relief as may be proper.

This action is brought by the Receiver of the National Bank of Ridgewood against the directors of that bank to recover losses resulting from the alleged negligent, illegal and fraudulent administration of the bank's affairs by the defendant-directors.

The bank commenced business on March 6, 1926, and was placed in the hands of a Receiver on July 12, 1937.

For the purposes of this motion the allegations of fact contained in the complaint as supplemented by the plaintiff's original and supplemental bills of particulars are deemed to be true.

They with other things allege as follows:

There were nineteen directors.

The defendants Edward A. Muller and Henry W. Muller served as directors from March 26, 1930, to the date of the receivership, July 12, 1937.

Seven of the directors were in office during the entire term of Edward A. Muller and Henry W. Muller, and continued in office until the appointment of a Receiver on July 12, 1937.

The bank was organized on March 6, 1926, and from on or about the month of April, 1926, to the month of June, 1929, maintained its principal place of business in the Borough and County of Queens, City and State of New York, and from on or about the month of June, 1929, to the 29th day of August, 1931, maintained such place of business in the Borough of Brooklyn, County·of Kings, City and State of New York.

On or about the 29th day of August, 1931, pursuant to an agreement between the Richmond National Bank of New York, and the Ridgewood Bank, the Richmond National Bank of New York took over the voluntary liquidation of the Ridgewood Bank.

Thereafter the Richmond National Bank, the liquidator, remained open for the usual transaction of business until March 3, 1933, the banking holidays, when it closed.

A conservator was appointed by the Comptroller for the Richmond National Bank on or about March 18, 1933, and a Receiver therefor was appointed by the Comptroller on or about November 14, 1933.

The Receiver of the Richmond Bank continued the voluntary liquidation of the Ridgewood Bank until on or about the

304

12th day of July 1937, when the Comptroller appointed a Receiver for the Ridgewood Bank.

The defendants Edward A. Muller and Henry W. Muller are charged in the complaint herein with negligently, illegally and fraudulently administering the bank's affairs, with the other defendants, and with being wrongdoers.

It is also charged that the acts, or failures to act, with which the said defendants are charged, occurred between March 26, 1930, and August 29, 1931.

This action was commenced by the filing of the complaint in the office of the Clerk of this Court on August 16, 1939 (Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c).

A summons was issued by the Clerk on the 16th day of August, 1939, a little less than eight years after the last date above mentioned, and the said summons and complaint were served on the said two moving defendants in September, 1939.

The two moving defendants contend that the alleged causes of action against them are barred by the three-year New York Statute of Limitations.

A prior motion for the same relief was made before answer, and denied by Judge Inch on August 1, 1940, "without prejudice however, to a further motion for the same relief, should the defendants deem such motion advisable, after answer is interposed by said defendants, and the alleged issue of the Statute of Limitations is raised by an affirmative defense thereon".

An answer, containing the affirmative defense of that Statute, has now been interposed by the same defendants.

Both sides agree that the three-year New York State Statute of Limitation is applicable in the case at bar.

That Statute is Section 49 of the Civil Practice Act of the State and so much thereof as is necessary for consideration on this motion reads as follows:

"§ 49. Actions to be commenced within three years. The following actions must be commenced within three years after the cause of action has accrued: * * *

"4. An action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created."

The question presented on this motion depends for its answer on the application of the discovery clause of the Statute to the facts as alleged by Plaintiffs in their complaint supplemented by their original and supplemental bills of particulars.

This Statute is derived from Section 394 of the New York Code of Civil Procedure, which was a six-year statute, with a discovery clause.

By Chapter 416, Laws of 1877 of New York State, the six-year period was reduced to three years, and it was required that suit be brought "within three years after the cause of action accrues".

By Chapter 281, Laws of 1897 of New York State, the legislature broadened the provisions of the section to embrace the common law as well as the statutory liability of directors, and stockholders of moneyed corporations. See Gilbert v. Ackerman, 159 N.Y. 118, 122, 53 N.E. 753, 45 L.R.A. 118.

By Chapter 925, Laws of 1920 of New York State, the legislature enacted the present Statute, which added to the then existing Statute a discovery provision.

It thus appears that between 1877 and 1920 there was no discovery provision, and therefore the following cases, cited on behalf of said defendants, Brinkerhoof v. Bostwick, 34 Hun 352, reversed on other grounds Brinckerhoff v. Bostwick, 99 N.Y. 185, 1 N.E. 663; Mason v. Henry, 152 N.Y. 529, 46 N.E. 837, and Murray v. Smith, 166 App.Div. 528, 152 N.Y.S. 102, modified on other grounds 224 N.Y. 40, 120 N.E. 60, which held the applicable statutes of limitations commenced running either from the time of the directors' termination of office, or the occurrence of the acts complained of, are not in point.

It seems clear to me that the purpose of the New York State legislature in its enactment of 1920 was to abolish the rules of the old cases in suits against directors or stockholders of moneyed corporations, as the language used " * * * until the discovery by the plaintiff of the facts * * *" was clear and convincing and unambiguous.

The discovery provision of Section 49, subdivision 4, of the Civil Practice Act has come before the New York State

Courts and a Federal District Court in New York in suits against directors of moneyed corporations in the following cases. Van Schaick v. Aron, 170 Misc. 520, 10 N.Y.S.2d 550; Mencher v. Richards, 256 App.Div. 280, 9 N.Y.S.2d 990; Downey v. Banker, D.C., 32 F.Supp. 874; Van Schaick v. Cronin, 237 App.Div. 7, 260 N.Y.S. 685; Van Schaick v. Cronin, 237 App.Div. 182, 261 N.Y.S. 358.

There is no further room for the old rule, that the statute of limitations starts running from the time of the transactions complained of. Civil Practice Act, § 49, subd. 4; Mencher v. Richards, 256 App. Div. 280, 9 N.Y.S.2d 990; Van Schaick v. Aron, 170 Misc. 520, 10 N.Y.S.2d 550; Downey v. Banker, D.C., 32 F.Supp. 874.

We are not concerned on this motion with any question about the statute starting to run at the end of a director's term, as the terms of the two moving defendants did not end until July 12, 1937, when the Receiver was appointed herein, which was less than three years before the commencement of this action.

Prior to the appointment of the Receiver for the Ridgewood Bank on July 12, 1937, there was no representative clothed with authority to redress wrongs against the stockholders perpetrated by the directors.

■ The knowledge of a wrongdoing director may not be imputed to the depositors, or stockholders, or to a Receiver who represents them. Mencher v. Richards, 256 App.Div. 280, 282, 9 N.Y.S.2d 990; Van Schaick v. Aron, 170 Misc. 520, 532, 10 N.Y.S.2d 550.

Even if any of the directors had been innocent, their knowledge might not be imputed to the corporation, since by remaining quiescent they themselves are negligent.

■ The fact that examinations were regularly made of the bank by the Comptroller of the Currency or his subordinates, the Bank Examiners, and that he gained knowledge of the directors' wrongdoing as such official, would not be discovery under the statute, imputed to him, until he took over the bank, or to a Receiver appointed by him until the date of his appointment. Mencher v. Richards, 256 App.Div. 280, 282, 9 N.Y.S.2d 990; Downey v. Banker, D.C., 32 F.Supp. 874; Van Schaick v. Aron, 170 Misc. 520, 10 N.Y.S.2d 550.

See also Smith v. Lyle, 59 S.D. 534, 241 N.W. 512, in which a similar statute with a discovery clause is construed in the same manner.

The Comptroller of Currency had no right or authority to sue on behalf of the corporation, and his knowledge can not be imputed to it, nor to the Receiver until July 12, 1937. Van Schaick v. Aron, 170 Misc. 520, 10 N.Y.S.2d 550; Mencher v. Richards, 256 App.Div. 280, 9 N.Y.S.2d 990.

There was no one with authority to sue on behalf of the stockholders and creditors represented by the Receiver until the appointment of the Receiver on July 12, 1937. Brinckerhoff v. Bostwick, 88 N.Y. 52, writ of error denied Bostwick v. Brinkerhoff, 106 U.S. 3, 1 S.Ct. 15, 27 L.Ed. 73.

The moving defendants argue that the means of knowledge are the same in effect as knowledge itself but that is without point in the case at bar, as the Receiver originally appointed in this case clearly had no knowledge before his appointment, nor did the stockholders, or depositors, as a class, whom he represented. (Wittnebel v. Loughman, D.C., 9 F.Supp. 465, affirmed 2 Cir., 80 F.2d 222, certiorari denied 297 U.S. 716, 56 S.Ct. 590, 80 L.Ed. 1001), have such knowledge; and as I have shown supra knowledge by the Comptroller of the Currency would not be imputed to the Receiver until July 12, 1937.

■ It is the Receiver's duty to investigate and redress maladministration and waste of directors. Hulse v. Argetsinger, D.C., 12 F.2d 933.

The moving defendants contend that discovery was had by the Comptroller, that the means of knowledge were open to the stockholders and that it was not necessary to wait until the Receiver was appointed to start the statute of limitations running.

They cite Mason v. Henry, 152 N.Y. 529, 46 N.E. 837 in support of their contention, but that case is not in point, as it was decided under a prior law which differed materially from the present statute in that it was in a general limitation in actions founded on fraud that discovery was discussed, and was referred to by plaintiff only as showing the development of the law.

The moving defendants cite a large number of cases in other jurisdictions, having dissimilar statutes, which are of no help

306

in construing Section 49, Subdivision 4, which provides, "The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created", whereas under the cases cited by the moving defendants, the cause of action is held to have accrued by discovery or means of discovery by stockholders, agents or officers of Government, or others than the plaintiff in the action, and in others the dissimilarity of the statute is such that they require no detailed consideration.

If the cases cited by the moving defendants were followed it would be the equivalent of an amendment of the statute by the Courts, whereas the power to amend is legislative and not judicial.

Defendants laid particular emphasis on Curtis v. Connly, 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222, which arose under a Rhode Island statute which contained a special limitation in actions where there has been actual concealment by the directors and that, of course, does not aid in the construction of the statute here in question.

■ The moving defendants also contend that there was discovery under the statute by reason of the liquidation of the Ridgewood Bank by the Richmond Bank, but that contention was not sustained.

The liquidation of the Ridgewood Bank by the Richmond Bank was a voluntary liquidation, in which the Richmond Bank had no authority to enforce the liability of directors of the Ridgewood Bank, and is clearly distinguishable from a plenary liquidation for the benefit of stockholders and depositors by a Receiver, and by such liquidation the directors of the Ridgewood Bank were not divested of control. Planten v. National Nassau Bank, 93 Misc. 344, 157 N.Y.S. 31, affirmed 174 App.Div. 254, 160 N.Y.S. 297, affirmed Planten v. Earl, 220 N.Y. 677, 116 N.E. 1070; Holland Banking Co. v. Continental National Bank, D.C., 43 F.2d 640, 641, affirmed 8 Cir., 50 F.2d 19.

■ It is true, as contended on behalf of the moving defendants, that statutes of limitation are favored. They are statutes of repose. Wood v. Carpenter, 101 U.S.

135, 139, 25 L.Ed. 807; Nolte v. Hudson Nav. Co., 2 Cir., 297 F. 758, 764.

Dismissals under the statute of limitations are not, however, to be granted where it appears that the statute had not run before the commencement of the action.

■ The construction of State Statutes by State Courts, other than the highest Court of the State, where there has been no construction of the statute by the highest Court of the State, should be followed by this Court.

Two cases have been cited by plaintiff in which defendants moved to dismiss the complaint on the pleadings on the ground that the action is barred by the New York Statute of Limitations, Civil Practice Act, Section 49, Subdivision 4, here in question, but in both of them the Court denied the motion, leaving that defense for disposition on the trial.

One of those cases, Mencher v. Richards, 256 App.Div. 280, 9 N.Y.S.2d 990, was a New York State Court case, and the other, Downey v. Banker, 32 F.Supp. 874, was a case in the United States District Court for the Southern District of New York.

The remaining case in the New York State Court in which Section 49, Subdivision 4, of the Civil Practice Act supra, is involved, Van Schaick v. Cronin, 237 App. Div. 7, 260 N.Y.S. 685, and Van Schaick v. Cronin, 237 App.Div. 182, 261 N.Y.S. 358, has no application to the case at bar, as it did not involve a motion by defendant to dismiss on the ground of the statute.

From the date of appointment of the moving defendants, as directors, until the appointment of the Receiver, July 12, 1937, the record before me shows that the same board of directors was in control of the bank's affairs, and the moving defendants participated with the other defendants in the wrongs of which complaint is made.

Finally, there is nothing in the record before this Court on this motion on which I can find that the stockholders or depositors, whose rights the plaintiff Receiver represents, were chargeable with knowledge of the defendant's wrongful acts before July 12, 1937.

This defense should be reserved for the trial.

The motion to dismiss is denied.