## BRINCKERHOFF v. ROOSEVELT.

(Circuit Court of Appeals, Second Circuit. January 17, 1906.)

1. CORPORATIONS—LIABILITY OF OFFICERS—NEGLIGENT MANAGEMENT OF CORPORATE BUSINESS.

An officer of a corporation, who, as such officer and one of the trustees, made a sale of property which constituted its only assets, and afterward procured the passage of a resolution by which a mortgage taken to secure the purchase money was canceled, leaving the corporation with no assets, except certain securities of doubtful value, is personally liable to the corporation for the amount of the purchase price of the property.

2. SAME—SUIT BY STOCKHOLDERS—LACHES.

Directors of a corporation are assumed to act for its interests, and a stockholder is justified in relying on such assumption until the contrary appears, and is not chargeable with laches which will defeat a suit brought by him in behalf of the corporation to compel restitution for a loss resulting from the unlawful or negligent acts of the trustees, where such action was commenced shortly after he acquired knowledge of their action.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 807.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal by the defendant, Robert B. Roosevelt, from a decree of the Circuit Court for the Eastern District of New York requiring him to account for the sum of $127,984 (less a small contingent deduction), which was lost by the Holland Building Association through the negligence and mismanagement of the said defendant while acting as its president. The complainant, Brinckerhoff, a stockholder in the said association, having qualified, as far as it was possible to do so, under equity rule 94, brought the action on behalf of himself and the other stockholders. The complainant appeals from so much of the decree as limits the damages to the sum just stated, and also from that part of the decree which requires a tender to the defendant of the so-called Brigantine securities as a condition precedent to the payment by the defendant of the money directed to be paid by him. For the purposes of carrying out the decree the court appointed the Franklin Trust Company of Brooklyn receiver.

The facts are stated in the opinion of Judge Thomas, which is reported in 131 Fed. 955.

F. S. Duncan, for complainant.
G. H. Yeaman, for defendant.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The facts are so fully and carefully considered by the Circuit Court that little more is required. The cancellation of the bond and mortgage covering No. 33 Nassau street, New York —-property now occupied by the Bank of Commerce—left the Building Association without available property. The mortgage, unquestionably worth its face value, was canceled and nothing remained but so-called securities, which, if not worthless, were unavailable and discredited. This act of spoilation was done with the knowledge, consent, and procurement of the defendant, and he is liable for the consequences. It matters not that he may have supposed that by aiding the trust company at the expense of the building association he was, considering his relations to each, doing a laudable act. The courts are not permitted to take such matters into consideration. It is enough that he occupied fiduciary relations to the association, its creditors and stockholders. It was peculiarly his duty to protect and preserve the property and when it appears that instead of so doing the association was, through his procurement, stripped of every dollar of available assets, it follows as a necessary conclusion that he must respond to those who have suffered through his act.

We agree with the Circuit Court in thinking that even though it be conceded that at the time of the sale of No. 33 Nassau street the equity of redemption was worth more than $100,000, the conveyance to the trust company for that sum cannot be regarded as a breach of duty by the defendant. Although the evidence shows that prior to the sale the directors of the association were not particularly solicitous for its interests, there is insufficient proof to warrant a finding of wrongdoing on their part at that time. For this reason we think that complainant's contention as stated in his first and second assignments of error cannot be maintained.

In the remaining assignments the complainant asks that the decree be amended by striking out all portions thereof requiring the delivery of the Brigantine securities to the defendant as a condition precedent to the payment of the money found due from him. Certainly the decree should not fail because of the complainant's inability to comply with this condition. He insists that these securities are beyond his control. Indeed, it seems to be admitted by all that they are now in the possession of a receiver, appointed by the Circuit Court for the Southern District of New York, in an action pending therein by this complainant against the Holland Trust Company, and that the success of that action depends upon the ability of the complainant to make delivery of said securities in case the court should decree in his favor. There is, we think, considerable force in the complainant's contention that, as the action is one sounding in tort, the defendant is not entitled to an assignment of the securities as a condition to the payment of damages occasioned by his negligent acts. In this view, a proper solution of the difficulty might be to strike out from the decree the provisions directing the delivery of the Brigantine securities without prejudice to an application by the defendant, on payment of the amount directed to be paid by the decree, to be subrogated in the action pending in the Southern District, where

the equities can be fully determined. We are not possessed of sufficient information to deal with this question; we do not know that the receiver in the second suit will, on demand, refuse to deliver the securities, and we do not know their present value. In view of these circumstances, if the parties are unable to agree upon a modus vivendi, we think the Circuit Court should be permitted to amend its decree so as to insure its speedy enforcement either by striking out the provision for delivery of the securities or by ascertaining their present value and deducting the amount from the sum to be paid by the defendant.

The action is not barred by the statute of limitations or for laches, for the reason that the complainant did not discover the wrongful conduct, which is the foundation of the action, until a few months prior to its commencement. Directors are assumed to act for the interests of their stockholders, and the latter have a right to rely upon the assumption that they are acting honestly until the contrary appears. There was nothing to excite suspicion in the present instance. The mere fact that the complainant knew, or should have known, that the exceedingly valuable building of the Bank of Commerce was being erected on the premises, No. 33 Nassau street, if entitled to any significance, should have lulled rather than excited suspicion, for it indicated that the association had made a most favorable disposition of its property. It surely was no notice, especially during the time that dividends were regularly paid, that through the action of its directors the association had been despoiled of every vestige of available property.

We have examined the other assignments of error argued by the defendant, and are of the opinion that none can be sustained.

The decree is affirmed, with costs, and the cause is remanded to the Circuit Court to make such modifications and amendments, not inconsistent with this decision, as it may deem necessary.