### BRINCKERHOFF v. HOLLAND TRUST CO. et aL

### ROOSEVELT et al. v. BRYANT et al.

### (Circuit Court, S. D. New York. June 30, 1909.)

CORPORATIONS (§ 318*)—SUBROGATION (§ 10*)—OFFICERS—RECOVERY FROM OFFICER OF DEBT UNLAWFULLY CONTRACTED—RIGHT TO REIMBURSEMENT.

Cross-complainant was president and a director of a trust company and also of a building association; the officers of both being the same. Such officers wrongfully and unlawfully, without authority from the stockholders, transferred property of the building association to the trust company upon the promise of that company, also unauthorized, to pay out the stock of the building association, to secure which promise certain securities were transferred to the association. The securities having proved uncollectible, and the trust company becoming insolvent, at suit of a stockholder of the building association cross-complainant was held individually liable and compelled to pay such stockholders the full value of their stock. *Held*, that he was entitled to be subrogated to the right of the trust company to the securities thus released, but had no claim in equity against its stockholders for reimbursement.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 318;* Subrogation, Cent. Dig. § 30; Dec. Dig. § 10.*]

In Equity. On cross-bill of revivor and supplement.
See, also, 159 Fed. 191.

Wellmann, Gooch & Smythe, for complainants.
Geo. M. Van Hoesen and Tunis G. Bergen, for defendants.

MARTIN, District Judge. This suit was originally brought in the United States Circuit Court for the Southern District of New York by Albert A. Brinckerhoff, on behalf of himself and all other stockholders similarly situated of the Holland Building Association, against the Holland Trust Company and the Holland Building Association. The same party and for the same interests brought another bill in equity against Robert B. Roosevelt in the United States Circuit Court for the Eastern District of New York. Brinckerhoff, complainant, only prosecuted to final determination said cause in the Eastern District of New York in which the said Roosevelt was defendant. The cause in the Eastern District of New York was heard before Judge Thomas, then the federal judge for that district. He justly held that the complainant therein was entitled to recover against the defendant Roosevelt for "culpable negligence" in discharging a certain mortgage. The facts in this case were so fully stated by Judge Thomas in his opinion (131 Fed. 955), by the Circuit Court of Appeals

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(143 Fed. 478, 74 C. C. A. 498), and by Judge Ray (159 Fed. 191), that I do not deem it necessary or advisable to here repeat the facts. Judge Ray, however, had before him questions raised on the pleadings in which there are allegations of facts not sustained by the evidence. The evidence taken since the trial of the cause before Judge Thomas does not change any material fact. Upon the facts the equities of this case seem clear. The stockholders of the Holland Building Association have no further equity. They have received all that it was intended that the stockholders should receive at the time of its organization, all that the stockholders ever anticipated or expected, so the receiver of that corporation has no equitable right to the Brigantine securities, which came into the possession of the Holland Building Association through the wrongful act of Robert B. Roosevelt and his associates, who were the officers of that corporation.

In effect, said Roosevelt and his associates, without the knowledge of the stockholders and without right, canceled a mortgage on certain real estate at 33 Nassau street which afforded good security to the Holland Building Association for its equitable interest in said real estate, and also without right transferred said Brigantine securities from said trust company to said building association. Said Roosevelt, by leave of court, filed a cross-bill in this cause, by which he seeks to be subrogated to the rights of the Holland Building Association and claims to recover of said trust company the full amount he was compelled by the court to pay in the suit of Brinckerhoff against Roosevelt in the Eastern District of New York, and interest thereon. The stockholders of the trust company had nothing to do about the cancellation or annulment of said mortgage, or the exchange of the Brigantine securities from the trust company to the building association, and knew nothing about these transactions. They should not be called upon, at this late day, to take back those securities which its officers unlawfully traded off and to pay the amount that said officers tried to create as a debt due from the trust company to the building association. The stockholders of the trust company, as such, were never permitted to participate in said shifting of said securities, or said attempted creation of indebtedness. This unlawful exchange of securities by the said Roosevelt and his associates was a voluntary act, and, although made for the purpose of improving the stock of the trust company, nevertheless it was not only bad faith and "culpable negligence," but was an unlawful act. Under these circumstances, the court of equity is not now called upon to estimate what might have been the value of the Brigantine securities had they been permitted to remain in the custody and subject to the control of the stockholders of the trust company, uninvolved by litigation. They never assumed to pay the difference in value between the Brigantine securities and the mortgage aforesaid. They never consented to the creation of an indebtedness growing out of any exchange of those securities. They should not, in equity and good conscience, be called upon to account to the executor of Roosevelt's estate (said Robert B. Roosevelt having deceased), for the value of that mortgage or what Roosevelt was compelled to pay.

The receiver of the building association has no right to the Brigantine securities, and the receiver of the trust company has never

claimed any right thereto. Though the cancellation of the mortgage given as security to the building association and the passing over said Brigantine securities to said association has justly been held to be an unlawful act, yet the stockholders of the building association have received payment in full and are no longer entitled to the Brigantine securities. Said securities therefore revert to the trust company; but Roosevelt having made good all the stock of the building association, thus relieving the trust company from all obligations to said building association, the Brigantine securities do not in equity belong to the trust company, unless it be for their value in excess of the amount paid by said Roosevelt and interest thereon. No such claim is made by the receiver of the trust company.

Wherefore there may be a decree that the receiver of the Holland Building Association pass over to the executor of said Roosevelt's estate said Brigantine securities, but without costs to either party. If the parties cannot agree upon a decree, they may be heard.