PERCY A. ROCKEFELLER and Another, as Executors, etc., of
WILLIAM G. ROCKEFELLER, Deceased, and Another, Respondents,
*v.* JOHN P. KELLAS and Others, Appellants, Impleaded with
PAUL H. WEBSTER and Another, Defendants.

Third Department, January 17, 1928.

Corporations — stock — action to determine title to corporate stock and
for accounting — stock was purchased by one of defendants for plain-
tiffs' testator who furnished funds — said stock was under agreement
taken in name of said defendant who thereafter managed property —
nature of agreement between said defendant and testator is known
only to defendant — complaint, alleging facts, states single cause of
action in equity — allegation of no adequate remedy at law is sufficient
— complaint amended under Civil Practice Act, § 105.

The complaint in this action for the determination of the title to certain stock
of a corporation, and for an accounting, states a single cause of action in equity.
The complaint alleges that one of the individual defendants, an attorney at
law, who was the attorney of the plaintiffs' testator, purchased the stock at
the request of the testator and took title thereto in his own name at testator's
request, and that said defendant thereafter, under an agreement with the
testator, managed the corporation and has done so since the death of the
testator; that the precise agreement between the attorney and the testator is
unknown to the plaintiffs; and that the attorney has refused to transfer the
certificates of stock to the plaintiffs, which were purchased for the benefit of
their testator, and has refused to account for the management of the corporation.

It is necessary that an accounting be had in order to determine whether or not
the defendants, or any of them, have charges against the stock or against the
plaintiffs, which remain unpaid.

The complaint is not insufficient for failure to allege specifically that the plaintiffs
have no adequate remedy at law, for the allegations in the complaint show that
an adequate remedy at law is not available to the plaintiffs, and if a specific
allegation is necessary the complaint may be deemed amended, under section
105 of the Civil Practice Act.

APPEAL by the defendants, John P. Kellas and others, from an
order of the Supreme Court, entered in the office of the clerk of
the county of Franklin on the 12th day of August, 1927.

An omnibus motion was made before answer asking that the
complaint be dismissed because it fails to state facts sufficient
to constitute a cause of action, that a number of paragraphs of
the complaint be struck out, that certain parts of the complaint
be made more definite and certain and the causes of action in
the complaint be separately stated. It is alleged that defendant
John P. Kellas is an attorney-at-law; the Lake Meacham Hotel
Company is a domestic corporation owning a summer hotel and
timber lands; John P. Kellas was the attorney for William G.
Rockefeller and was employed by Rockefeller to purchase the

shares of stock of the hotel company; Kellas purchased all the shares for $95,000, and paid therefor with William G. Rockefeller's money; at the request and with the consent of Rockefeller, Kellas caused the certificates of stock to be registered in his name and in the name of nominees to qualify them as stockholders, directors and officers; these certificates are still so held; William G. Rockefeller died November 30, 1922; the plaintiffs are the executors and the administrator with the will annexed of William G. Rockefeller; during the lifetime of William G. Rockefeller, Kellas, as his agent, attorney and trustee, managed and controlled the property and affairs of the Lake Meacham Hotel Company for him and, since his death, for his representatives, the plaintiffs; William G. Rockefeller, and his representatives since his death, advanced to Kellas at his request sums of money aggregating with interest upwards of $300,000, with which to purchase the stock and promote the business of the corporation; in August, 1925, plaintiffs demanded of John P. Kellas the delivery of the certificates of stock and a transfer thereof to them; the defendants failed and refused to comply; the individual defendants, except John P. Kellas, have no beneficial interest in the stock or any part thereof; John P. Kellas has never made any accounting of his receipts and disbursements and the plaintiffs are without knowledge of the financial condition of the corporation or of the account between John P. Kellas and William G. Rockefeller or his estate. Judgment is demanded that the plaintiffs are the true owners of the aforesaid certificates of stock; that the defendants account to the plaintiffs for their acts in connection with the purchase and management of the Lake Meacham Hotel Company and for all income realized therefrom and all disbursements made by them; that the individual defendants be ordered, upon payment to them and each of them of any amount found due upon the accounting, to deliver to plaintiffs all the outstanding certificates of stock properly indorsed for transfer on the books of the corporation, and deliver their resignations as officers and directors of the hotel company; and that the individual defendants be enjoined and restrained from otherwise transferring or disposing of said certificates of stock, and for such other and further relief as may be just and proper.

*LeRoy M. Kellas* [*George J. Moore* of counsel], for the appellants.

*John A. Garver* [*Roscoe Irwin* and *Florence Boyce Bryant* of counsel], for the respondents.

VAN KIRK, J.  A complaint should contain a plain and concise statement of the material facts without unnecessary repetition

24

Third Department, January, 1928.    [Vol. 222

on which the plaintiffs rely, without setting forth evidence by which they are to be proved. (Civ. Prac. Act, § 241.) A complaint states a cause of action if, under its allegations, evidence may be admitted which will prove a cause of action; and the plaintiff is entitled to all the facts that may be fairly implied from the allegations by reasonable and fair intendment. (*Sage* v. *Culver,* 147 N. Y. 241; *Abbey* v. *Wheeler,* 170 id. 122, 127.)

This action is primarily brought to recover the stock certificates of the Lake Meacham Hotel Company from the defendants in whose names they now stand and, to the end that all matters be justly settled between the parties, to have an accounting. In the allegations of facts and the facts fairly implied we have the following: *John P. Kellas as attorney purchased this stock for, and with the money of, William G. Rockefeller.* Rockefeller was the owner of this stock and John P. Kellas, as the confidential attorney and agent of Rockefeller, had or may have had some beneficial interest in it under the terms of the retainer or agreement under which he acted; under the agreement the certificates of stock purchased were issued in the names of Kellas and his nominees; *Kellas received large sums of money from Rockefeller and his representatives for the uses of the hotel company and managed all its affairs;* at some time an accounting and settlement should be had between the two; *the agreement terminated either during the lifetime of William G. Rockefeller, or at his death; no demand either for the certificates of stock or for a settlement of the account was made by Rockefeller during his life;* Rockefeller's representatives have a right to a settlement of the accounts and a performance of the agreement or retainer by John P. Kellas, an attorney and officer of the court. It does not appear that the retainer or agreement was in writing, nor does it appear that the representatives of Rockefeller have information as to the terms or nature thereof. It may be implied that John P. Kellas was to have compensation in some form for his services, perhaps cash fees or an interest in the property, or an interest in such profits as may have been made, or in some other form. So far as the complaint shows, John P. Kellas alone knows the claim which he may assert under his retainer or agreement. Upon the argument his attorney avowed that he knew the terms of the agreement. By his answer and in his account he may show it. It is not to be implied that the stock, or the money advanced by Rockefeller, was a gift to John P. Kellas. He was the custodian of the hotel property, and of the funds advanced; he had full control and has received any income had.

The complaint states but one cause of action and contains a concise statement of the material facts " on which plaintiffs rely."

In order to do full justice to the parties it is necessary that an accounting be had to determine whether or not defendants or any of them have just charges against the stock or against the plaintiffs. An action in equity is necessary and proper. (*Dyckman* v. *Valiente*, 42 N. Y. 549, 561; *Hoffman House* v. *Foote*, 172 id. 348, 355; *King* v. *Barnes*, 109 id. 267, 286.) The complaint is sufficient.

*The statements in the complaint show that the plaintiffs have no adequate remedy at law.* But defendants complain that the plaintiffs have not so alleged. An amendment supplying this omission will not affect any substantial right of defendants and may be allowed at any time. (Civ. Prac. Act, § 105; *Allen* v. *Fink*, 211 App. Div. 411, 415.)

We have examined each of the grounds on which the appellants ask relief and find none which require further discussion.

The order should be affirmed, with ten dollars costs and disbursements.

COCHRANE, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.