MAX MENCHER, as a Stockholder of the EMPIRE TITLE & GUARANTEE COMPANY, Suing on Behalf of Himself and All Others Similarly Situated, Appellant, Respondent, *v.* EDWARD A. RICHARDS and Fifteen Others, Respondents, Appellants, Impleaded with KENNETH IVES and EMPIRE TITLE & GUARANTEE COMPANY, Respondents, and Others, Defendants.

Second Department, February 17, 1939.

*Donald I. Peyser* [*Lester Nurick* with him on the brief], for the appellant-respondent.

*John P. McGrath,* for the respondents-appellants.

*Donald M. Dunn,* for the respondent Ives.

HAGARTY, J. This is a stockholder's action against directors of a corporation. In one cause of action the defendant directors are charged with negligence and violation of statutes. Specifically, they are charged with lending the money of the corporation secured only by junior mortgages and by an unsecured note, and in causing the corporation to guarantee payment of mortgages made on vacant property, involving a number of transactions set forth in the complaint. In addition, three of the defendants are charged with having personally profited by transactions in which it is claimed that illegal loans were made by the corporation at a time when they were directors.

Although so-called equitable relief is sought, it is clear that, save for the alleged transactions resulting in personal profit, a money judgment is the only available remedy. In accordance with the authority of *Potter* v. *Walker* (276 N. Y. 15), the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 3) relating to an injury to property, as it read prior to the amendment thereof by chapter 558 of the Laws of 1936, is applicable, except in so far as relief peculiar to equity is necessary, namely, an accounting with respect to the alleged personal profits, as to which the ten-year statute governs. But inasmuch as the affected corporation is a moneyed corporation, the further limitation set forth in section 49, subdivision 4, of the Civil Practice Act is applicable, viz.:

" § 49. Actions to be commenced within three years. The following actions must be commenced within three years after the cause of section has accrued:  *  *  *

" 4. An action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff. of the facts under which the penalty or forfeiture attached or the liability was created."

This statute serves to reduce the limitation period to three years from the time of discovery by the plaintiff of the facts with respect to so much of the cause of action as to which a money judgment will suffice, but it does not affect the operation of the ten-year statute (Civ. Prac. Act, § 53) governing the cause in so far as it relates to alleged personal profits. The contention of respondents to the contrary is no more forceful than would be a claim to the

effect that an action based upon injury to property, even though equitable in nature, would be governed by the statute in which such cause of action is specifically enumerated. The genesis and development of the ten-year statute make it clear that it was uniformly designed to govern equitable actions, and that doctrine has been so strongly and uniformly enunciated that a departure therefrom would require an express enactment of the Legislature, which is not to be found in the foregoing provision relating to " liability created by the common law or by statute."

The meaning of the word " plaintiff," as used in the above-quoted statute, is also the subject of dispute. The concurrent remedy rule clearly requires a holding that it refers to the corporation in behalf of which the derivative action is brought and which alone will benefit by any judgment obtained against the defendants. (*McCrea* v. *Robertson*, 192 N. Y. 150, 154; *Wangrow* v. *Wangrow*, 211 App. Div. 552.) " ' *If for any reason the corporation is estopped from suing, or its action is barred, the suit by the stockholder or creditor is likewise affected.*' " (*Potter* v. *Walker*, *supra*, p. 27, and so emphasized in the original, in quoting from *Wallace* v. *Lincoln Savings Bank*, 89 Tenn. 630, 648, 649; 15 S. W. 448.) If a corporation is barred from recovering by the lapse of three years prior to institution of suit after its discovery of the facts, then this derivative action is likewise affected. In practical effect, therefore, in so far as concerns this cause of action, the word " plaintiff " means the corporation.

The corporation, however, can acquire knowledge only through its representatives. The stockholders are the owners of the corporation. In an action against its directors, such knowledge as may be imputed to the corporation is that acquired by its stockholders as a class and not by its directors or officers. Therefore, knowledge acquired by the very directors who are charged with wrongdoing cannot bind the corporation; nor should knowledge acquired by innocent directors have that effect, for the reason that by remaining quiescent they themselves are negligent.

The action alleges a wrong perpetrated, not upon an isolated stockholder, but upon the stockholders as a class. Lack of knowledge of the individual stockholder who commenced the action is immaterial. In the present case the stockholder became such many years after the wrongs of which he complains had been perpetrated, and by the purchase at a fraction of the par value thereof of two out of an issue of ten thousand shares of stock. If he were permitted to disclaim knowledge on behalf of the corporation, then the statute (Civ. Prac. Act, § 49, subd. 4) is completely nullified. Discovery by the corporation is dependent upon notice

or knowledge acquired or which should have been acquired in the exercise of reasonable diligence by its stockholders as a class, and that involves a question of fact.

The orders, in so far as appealed from, should be affirmed, without costs.

TAYLOR and CLOSE, JJ., concur; DAVIS, J., concurs in result, with memorandum; LAZANSKY, P. J., concurs with DAVIS, J.

DAVIS, J. (concurring). I concur in result. In so far as the opinion states that the corporation is in legal effect the " plaintiff," I disagree.

The cause of action is that of the corporation, but it is powerless to sue. In fact, under the control of the defendant directors charged with wrongful conduct, it has interposed an answer as a defendant denying the allegations of the complaint, and is resisting the prosecution of any claim for its benefit. Under such circumstances, it seems inconsistent and incongruous to assert that it is a plaintiff in this action.

While the sum recovered belongs to the corporation, the plaintiff in a derivative stockholder's action is the stockholder who brings it; and those who join with him at any time become plaintiffs. It is the stockholder or stockholders who control the action while it is pending and even after judgment has been rendered. (*Planten* v. *National Nassau Bank*, 174 App. Div. 254; affd., 220 N. Y. 677; *Earl* v. *Brewer*, 248 App. Div. 314; affd., 273 N. Y. 669; 4 Cook, Corporations [8th ed.], § 735. See, also, *Geer, Jr., & Co., Inc.*, v. *Fagan*, 255 App. Div. 253.) The notice or knowledge of the wrongful acts which furnishes " discovery by the plaintiff," as provided in section 49, subdivision 4, of the Civil Practice Act, must be that of the plaintiff in the action, to wit, the stockholder who institutes the suit. In this case the plaintiff would be bound by notice to his predecessor in title, for he purchased this stock after the commission of the wrongful acts.

Whatever Statute of Limitation applies, the time when the cause of action accrued must depend on the proof developed on the trial. Courts will not be sedulous to protect directors in actions of this kind by adopting a strict view in respect to pleadings on motions to dismiss the complaint. There should be a trial on the merits with opportunity given to those charged with wrongful acts to make full explanation of their conduct of the affairs of the corporation.

LAZANSKY, P. J., concurs.

Orders, in so far as appealed from, affirmed, without costs.