HENRY M. CHANCE, CHARLES A. BRAWN, LOUIS C. BIEN, JACOB ROLNICK and JOSEPH TRAGER, Suing on Behalf of Themselves and All Other Stockholders of R. HOE & Co., INC., Appellants, v. GUARANTY TRUST COMPANY OF NEW YORK and Others, Defendants; and BOUDINOT ATTERBURY, Respondent.— In a stockholders' derivative action, order granting defendant Atterbury's motion for summary judgment and judgment entered thereon dismissing the third, fourth and sixth causes of action set forth in the complaint on the ground that the actions are barred by the Statute of Limitations, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: The motion for summary judgment should have been denied. It is asserted by plaintiffs that they did not acquire knowledge of the alleged wrongs until 1935. Therefore, the Statute of Limitations (Civ. Prac. Act, § 48) is not a valid defense. (Opinion of Davis, J., in *Mencher* v. *Richards*, 256 App. Div. 280; *Brinckerhoff* v. *Roosevelt*, 143 Fed. 478.) On the views expressed by Hagarty, J., in *Mencher* v. *Richards* (*supra*) there is a question of fact as to whether and when the stockholders as a class had knowledge of those wrongs. Further, there is ample authority for the rule that the statute does not begin to run against a director until he leaves his office or until he and his associates in control retire. (*Murray* v. *Smith*, 166 App. Div. 528; *Adams* v. *Clarke*, 22 F. [2d] 957; *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252; 97 N. E. 897; *Becker* v. *Billings*, 304 Ill. 190; 136 N. E. 581; *Rankin* v. *Cooper*, 149 Fed. 1010; *Ventress* v. *Wallace*, 111 Miss. 357; 71 So. 636.) The defendant Atterbury, with the others allegedly in control, retired less than six years before the commencement of the action.