MAX MENCHER, as a Stockholder of the EMPIRE TITLE & GUARANTEE COMPANY, Suing on Behalf of Himself and All Others Similarly Situated, Appellant, v. EDWARD A. RICHARDS, PAUL PAULSON, CHARLES H. OHLAU and the EMPIRE TITLE & GUARANTEE COMPANY, Respondents, and Others, Defendants.— Order granting in part the plaintiff's motion to examine defendant Empire Title & Guarantee Company before trial modified by permitting an examination as to items numbered 1 to 6, inclusive, 14 to 17, inclusive, 23 to 29, inclusive, and 40 to 46, inclusive, in addition to the matters upon which an examination was permitted by the Special Term; examination to proceed on five days' notice. As so modified, the order, in so far as appealed from, is affirmed, without costs. Order granting in part the plaintiff's motion to examine defendants Richards, Paulson and Ohlau before trial modified by permitting an examination as to items 7 to 10, inclusive, and 16 and 17, in addition to the matters upon which an examination was permitted by the Special Term; examination to proceed on five days' notice. As so modified, the order, in so far as appealed from, is affirmed, without costs. This court has already held that the six-year Statute of Limitations formerly contained in section 48, subdivision 3, of the Civil Practice Act, applies to the matters alleged in the complaint except in so far as relief peculiar to equity may be necessary. (*Mencher* v. *Richards*, 256 App. Div. 280.) As to those transactions which admit of no remedy except a money judgment, an examination before trial would be futile in those instances where the complaint shows on its face that the alleged wrongful act occurred more than six years before the commencement of the action. Of that character are the alleged loans to Shellball Realty Corporation and Breakwater Building Corporation. The application of the statute to the alleged purchase from Shellball Realty Corporation of a participating interest in a third mortgage is less clear because it is alleged that some part of the loss sustained in that transaction occurred within six years before the commencement of the action. As to that transaction an examination should have been allowed. It is now conceded that an examination should also have been permitted regarding the Wolosoff loan. We likewise permit an examination as to the alleged loans secured by mortgages on vacant property, because the present record does not show satisfactorily when such loans were made and the running of the Statute of Limitations cannot be computed. The remaining items enumerated above are of general application and are not confined to those claims which are clearly barred by the six-year statute. Hagarty, Johnston and Close, JJ., concur; as to both orders, Lazansky, P. J., dissents as to those items which it is proposed to exclude from the examination

because of the defense of the six-year Statute of Limitations, upon the ground that examination as to those items should be allowed because the statute applicable is section 49, subdivision 4, of the Civil Practice Act, under which, to determine the time limit, a trial is required; otherwise concurs; Taylor, J., dissents in part as to both orders, with the following memorandum: The six-year Statute of Limitations is pleaded as an affirmative defense. No reply thereto has been ordered. Upon plaintiff's application to examine respondents before trial to prove his cause of action we may not assume that this defense will be established upon the trial. *Non constat* plaintiff may avoid the statute. Therefore, those subjects of inquiry relating to transactions prior to March 1, 1931, which, in effect, are eliminated by the majority ruling, in my opinion should be allowed. I concur otherwise.