Jacob Scott and Others, Suing on Their Own Behalf and on Behalf of All Other Stockholders of Huron Holding Corporation, Similarly Situated, and Who May Desire to Join in This Action and Contribute to the Expense Thereof, and on Behalf of Huron Holding Corporation, Appellants, and Abraham L. Hayman, Intervenor, Appellant, v. Edwin M. Allen and Others, Respondents, and Charles K. Beekman and Others, Defendants.

Second Department, June 29, 1942.

A. David Benjamin [Morton S. Waxman with him on the brief], for the appellants.

Leonard P. Moore [Walter T. Southworth with him on the brief], for the respondents.

Per Curiam. On July 17, 1941, plaintiffs, as stockholders of the Huron Holding Corporation, instituted this action on their own behalf and for the benefit of stockholders similarly situated, against the officers and directors of the corporation and others. On April 7, 1942, on motion of twenty-six of the individual defendants, an order was entered dismissing as to them the first and second causes of action on the ground that they are barred by the three-year Statute of Limitations, and requiring the plaintiffs to serve an amended complaint as to the third, fourth and fifth causes of action, separately stating and numbering the causes of action as to the acts of each of the moving defendants committed during the period between July 17, 1935, and September 1, 1936, and the period between July 17, 1938, and July 17, 1941. Plaintiffs appeal.

As against the individual respondents, the action is to recover on behalf of the corporation the loss and damage claimed to have been sustained by it due to their alleged waste, negligence and malfeasance in office. Such an action, as far as the applicability of the proper period of limitation is concerned, is deemed one at law, where the remedy is adequate and, hence, the three-year statute governs. (Civ. Prac. Act, § 49, subd. 7; *Gobel, Inc.*, v. *Hammerslough*, 263 App. Div. 1; affd., 288 N. Y. 653; *Frank* v. *Carlisle*, 261 App. Div. 13; affd., 286 N. Y. 586; *Dunlop's Sons, Inc.*, v. *Dunlop*, 259 App. Div. 233; affd., 285 N. Y. 333; *Chance* v. *Guaranty Trust Co. of New York*, 173 Misc. 754; affd., 257 App. Div. 1006; affd., 282 N. Y. 656; *Cwerdinski* v. *Bent*, 256 App. Div. 612; affd., 281 N. Y. 782; *Potter* v. *Walker*, 276 id. 15; *Mencher* v. *Richards*, 256 App. Div. 280; *Lyon* v. *Holton*, 172 Misc. 31; *Russell* v. *Todd*, 309 U. S. 280, 291.) While a stockholder who seeks relief for and on behalf of the corporation must come into equity, he is in fact enforcing the corporation's cause of action. (*Holmes* v. *Camp*, 180 App. Div. 409.) Equity extends its forum only for the purpose of giving him a standing in court, as plaintiff, in place of the corporation. As he stands in the place of the corporation, he can enjoy no greater rights with respect to the prosecution of the cause of action than the corporation itself would have if it instituted the action. (*Potter* v. *Walker, supra.*) If the corporation had brought this action against the individual respondents, it would have an adequate remedy at law, for all that is sought from them is compensation for the loss sustained by the corporation by reason of their alleged misconduct. As against the corporate defendants, an action in equity for rescission may lie if they, in collusion with the individual respondents, engaged in a conspiracy to defraud the Huron Holding Corporation and to acquire its assets without consideration. But such an action would be separate from and independent of this action against the individual respondents to recover from them for the loss and damage alleged to have been sustained by the corporation due to their misconduct in office. Appellants cannot gain the advantage of the ten-year period of limitation, prescribed by section 53 of the Civil Practice Act and generally applicable to equity actions, by intermingling an equitable action for rescission against the corporate defendants with an action at law for money damages against the officers and directors of the Huron Holding Corporation.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.