HERMAN LUKE et al., Respondents, v. VICTOR POLSTEIN et al., Appellants, et al., Defendants. (Appeal No. 1.) — Action by judgment creditors under sections 60, 61 and 70 of the General Corporation Law because of alleged waste committed by the individual defendants, as directors of a corporation against which plaintiffs held an unsatisfied judgment. Order denying motion of individual defendants to dismiss the amended complaint under subdivision 6 of rule 107 of the Rules of Civil Practice, because of a defect which does not appear on the face of the complaint, to wit, that the alleged cause of action was barred by a six-year Statute of Limitations, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The making of the motion was timely. The order entered when said defendants moved to open their default in pleading expressly provided that they should have ten days within which to serve an answer or otherwise move in respect of the amended complaint. They moved within the time specified. The extension of the time so to move was proper. (3 Carmody's New York Pleading and Practice, § 1047, pp. 2266–2268.) In any event, the order granting the extension of time was not made the subject of an appeal. The causes of action plaintiffs invoked are actions at law and they came into being in favor of judgment creditors perforce the statute; hence under subdivision 2 of section 48 of the Civil Practice Act, the six-year Statute of Limitations (since reduced to three years) is applicable. (*Shepard Co.* v. *Taylor Publishing Co.,* 234 N. Y. 465, 467; *Scott* v. *Allen,* 264 App. Div. 424; *Corash* v. *Texas Co.,* 264 App. Div. 292; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290, 293; *Keys* v. *Leopold,* 241 N. Y. 189.) Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.

HERMAN LUKE et al., Respondents, v. VICTOR POLSTEIN et al., Appellants, et al., Defendants. (Appeal No. 2.)—Appeal by individual defendants from an order denying their motion to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice, in that the amended complaint does not state facts sufficient to constitute a cause of action. Appeal dismissed, without costs. The question presented is academic in view of the decision in the companion appeal in *Luke* v. *Polstein* (*Appeal No. 1*), (*ante,* p. 921, decided herewith). Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur. [See 269 App. Div. 184.]

MARGUERITE MACENTEE, Appellant, v. WILLIAM D. MACKAY et al., Respondents.— Action to recover damages for malpractice and assault, plaintiff claiming that William D. MacKay and William T. Liccione, physicians, ordered a certain operation upon her without her permission. On the trial, plaintiff withdrew her cause of action for malpractice and the case was submitted to the jury on the theory of assault only. The verdict was for defendants. Judgment unanimously affirmed, with costs. No opinion. Present—Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ. [See *post,* p. 1051.]