Matthew M. Levy, J.
This is an action for divorce. Defendant has interposed an answer containing, in addition to certain denials, two counterclaims. Plaintiff has served a reply to these counterclaims. By this motion, which invokes rules 90, 102, 103, subdivision 4 of 106 (I assume the movant intended rule 109, subd. 5) and 280 of the Rules of Civil Practice, plaintiff seeks to correct or dismiss the counterclaims as pleaded.
Defendant urges that the service of the reply to the counterclaims vitiates the motion. There is, however, no statement on record or proof as to when the reply was served. Under rule 90, which formulates a practice regulation vesting largely in the discretion of the court (Goldberg v. Utley, 60 N. Y. 427), the service of a reply to the counterclaim, either before or after a motion to compel separate statement of pleaded causes of action, is considered a withdrawal of the motion, unless special circumstances are shown (O’Hara v. Derschug, 232 App. Div. 31). On the other hand, under rules 102 and 103, a reply served after a motion to correct the pleading by striking therefrom *496 objectionable matter does not effectuate an abandonment of the motion (Rothenberg v. Metzger, 227 App. Div. 444). And, of course, a motion pursuant to subdivision 5 of rule 109. attacking the sufficiency of the counterclaim, is not waived by service of a reply, but may be made at any time before trial (Civ. Prac. Act, § 279).
The first counterclaim concerns the setting aside of a separation agreement, and is based on a number of grounds, which may generally be classified as those antecedent to, concomitant with, or subsequent to, its execution. The several bases for this counterclaim should have been separately stated and numbered. That I shall pass, for the moment, in view of the service of the reply. But I cannot put aside, on that ground, the recognition that there are a number of unnecessary, irrelevant and immaterial allegations in the counterclaim which are not required to sustain any of the grounds on which it is based. They should therefore be eliminated from the pleading.
The second counterclaim is for a separation. It contains by reference all of the allegations of the first counterclaim and, altogether, presents several grounds for the separation, such as cruelty, abandonment and nonsupport, forcing defendant to execute a separation agreement by duress, etc. If defendant has more than one cause of action for separation, she should separately state and number each cause, and, moreover, she should omit unnecessary, irrelevant and immaterial allegations. Also, allegations by omnibus reference should not be made in the count unless required to support the cause of action pleaded. Finally, rule 280 of the Rules of Civil Practice requires allegations of fact, not conclusions, of which there are a number in this counterclaim.
Where, as is obviously the case here, the pleading is hopelessly confusing, jumbled and defective, the court should not be expected to wade through the mass of unnecessary verbiage and superfluous matter to separate the chaff from the wheat (Grobman v. Freiman, 3 Misc 2d 656, 658-659). In short, the pleading should contain a plain and concise statement of the material facts (Civ. Prac. Act, § 241; Middleton v. Siegel, 269 App. Div. 491).
The motion by plaintiff under subdivision 5 of rule 109 will, at this time, be denied, without prejudice. Plaintiff’s motion is, however, granted to the extent of directing defendant to serve an amended answer in conformance with rules 102, 103 and 280. It is expected, too, that the counterclaims will abide by rule 90. For, in directing the service of an amended pleading, the court may, as part of its determination of a motion *497 for other relief, require the pleader to proceed in accordance with the rules of proper pleading (Drydock Knitting Mills v. Queens Mach. Corp., 254 App. Div. 568). The amended answer is to be served within 20 days after service of a copy of the order hereon with notice of entry.