James J. Crisona, J.
Defendant Hygrade Compressed Gras Corp. (hereinafter referred to as “Hygrade ”) and defendant Air Reduction Company, Inc. (hereinafter referred to as “ Air Reduction”) move, by separate notice of motion, to dismiss the complaint for legal insufficiency.
Since both motions were submitted to the court several months after the effective date of the Civil Practice Law and Rules, the court shall treat the motions as though made under paragraph 7 of subdivision (a) of rule 3211 of the new procedure. (Cf. Grant Co. v. Uneeda Doll Co., 19 A D 2d 361 [1st Dept.].)
This is an action coneededly intended to be based upon prima facie tort. The complaint consists of two causes of action against all of the defendants, the first by plaintiff Chelsea Carbonic & Repair Service (hereinafter referred to as “ Chelsea ”) and plaintiff Broadway Carbonic and Repair Service (hereinafter referred to as “Broadway”) and the second by plaintiff Carbonic Gras & Service Corp. (hereinafter referred to as “ Carbonic Gras ”).
Plaintiffs are apparently in the business of selling compressed gas in cylinders to retail customers. From 1951 plaintiff Chelsea purchased compressed gas from a jobber of defendant Air Reduction. From 1949 until January 4, 1963 plaintiff Broadway purchased compressed gas from defendant Hygrade.
In their cause of •' action, plaintiffs Chelsea and Broadway allege, in pertinent part, as follows: They advised defendant Air Reduction that they ‘ ‘ wished to fill their own cylinders rather than to have this performed by others, and in accordance therewith wished to purchase the gas in bulk from the defendant, Air Reduction Company, Inc. and also the machinery necessary to store and dispense the said compressed gas ” and “ that it would be necessary for the defendant, Air Reduction Company, Inc. to supply these plaintiffs with carbonic gas cylinders.” Defendant Air Reduction refused to supply plaintiffs with the gas cylinders and thereafter leased them and sold gas at a reduced price to defendant Hygrade. The latter had been in the wholesale business of buying and selling all types of gas for the past 25 years but entered the retail busi *465 ness of selling compressed gas in cylinders to consumers, including those previously serviced by plaintiffs, for the sole purpose of maliciously injuring the business of plaintiffs Chelsea and Broadway. Defendant Air Reduction assisted and co-operated with defendant Hygrade and, as a result of the latter’s reduced price and conduct in operating its business at a loss, plaintiffs were caused to lose many of their own customers. Defendants 1 ‘ made statements to the plaintiffs and others that their going into the retail business was solely for the purpose of ‘ knocking the brains out of the plaintiffs ’ and that they would ‘ teach them a lesson that they would never forget ’, because the plaintiffs had stopped buying the products of the defendants.” As a result of the foregoing plaintiffs “have lost sixty-five customers and have been compelled to drastically reduce prices to fifty-two other customers, all to the damage of the plaintiffs in the sum of ninety two thousand five hundred ($92,500.00) dollars to the date of the issuance of this complaint ’ ’.
In the second cause of action, plaintiff Carbonic Gas alleges, pertinently, that defendants’ aforesaid acts were committed with “ deliberate design and solely for the purpose of injuring plaintiffs in the first cause of action.” Consequently, its own customers were also solicited by said defendants in furtherance of said design. As a result of the foregoing plaintiff “has lost to the defendants thirty-five customers and has been caused to reduce prices to forty other customers all to its damage in the sum of sixty-five thousand ($65,000.00) dollars ”.
‘ ‘ The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful. The need for the doctrine of prima facie tort arises only because the specific acts relied upon — and which it is asserted caused the injury — are not, in the absence of the intention to harm, tortious, unlawful, and therefore, actionable. The remedy is invoked when the intention to harm, as distinguished from the intention merely to commit the act, is present, has motivated the action, and has caused the injury to plaintiff, all without excuse or justification.” (Ruza v. Ruza, 286 App. Div. 767, 769.)
The actions of defendants must be “ solely the conception and birth of malicious motives ” and where “ there were also legitimate purposes the rule seems to be perfectly well established that there is no liability.” (Beardsley v. Kilmer, 236 N. Y. 80, 89.) “ [T]he genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another.” *466 (Beardsley v. Kilmer, supra, p. 90.) The pivotal question finally presented in an action based upon prima facie tort is whether plaintiffs, ‘1 after alleging malice by defendants and conduct and actions taken by them in pursuance thereof, which would ordinarily be sufficient to sustain a cause of action for prima facie tort”, have shown that “despite their malice, the defendants also had a legitimate business interest in what they did. In other words, that the reasons for their actions were not unmioced and solely the result of spite and malice but were also motivated by legitimate business considerations.” (Steward v. World-Wide Autos. Corp., 20 Misc 2d 188, 201.)
While plaintiffs’ first cause of action in the instant case is reasonably susceptible of the interpretation that defendant Hygrade’s sole reason for entering the retail business of selling compressed gas was to harm plaintiffs in their business, it cannot be so interpreted with respect to defendant Air Reduction. As to it, plaintiffs’ allegations that defendant Hygrade “with the assistance and cooperation of the defendant Air Reduction Company, Inc. sought out the retail customers of these plaintiffs and solicitited the business of said customers and offered and did sell to said customers of the plaintiffs, cylinders of compressed gas at prices below those sold by the plaintiffs and did sell said products and performed repairs and service in all instances below cost to said defendants ”, as well as the alleged threats made by defendant Air Reduction, do not preclude the possibility that said defendant was either (1) acting solely for the purpose of acquiring profits (Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 A D 2d 27) or (2) motivated by legitimate purposes as well as malice (Steward v. World-Wide Autos. Corp., supra). Accordingly, this cause of action is insufficient with respect to defendant Air Reduction.
The first cause of action is also insufficient as to both defendants since plaintiffs have failed to itemize their special damages. “ Damage is an essential element in a cause of action for prima facie tort and must be pleaded specially” (Leather Development Corp. v. Dun & Bradstreet, 15 A D 2d 761, affd. 12 N Y 2d 909); it “‘must be fully and accurately stated. If the special damage was a loss of customers * * * the persons who ceased to be customers, or who refused to purchase, must be named; and that, if they are not named, no cause of action is stated ’ ” (Reporters’ Assn. of America v. Sun Print. & Pub. Assn., 186 N. Y. 487, 442) 5 “round figures, with no attempt at itemization, must be deemed to be a representation of general damages ” (Drug Research Corp. v. Curtis Pub. Co., *467 7 N Y 2d 435, 441). And itemization of special damages is now required by the Civil Practice Law and Rules (3015, subd. [d]).
Since plaintiff Carbonic G-as has done no more in the second cause of action with respect to defendant Air Reduction than to reassert the same wrong contained in the first cause of action, hereinbefore held to be insufficient, the second cause of action is also insufficient as to said defendant. The cause of action is also insufficient as to defendant Hygrade since it does not allege that the sole motive of the defendant Hygrade was to injure said plaintiff’s business. In fact, plaintiff alleges that “ defendants committed these acts with a deliberate design and solely for the purpose of injuring plaintiffs m the first cause of action.” (Emphasis supplied.) Furthermore, this cause of action is insufficient since plaintiff Carbonic Gas has also failed to itemize its special damages.
Accordingly, the motions of both defendants are granted.
Since the motions were made prior to the effective date of the Civil Practice Law and Rules, plaintiffs may, in an affidavit to be served and filed with the order to be settled hereon, request leave to replead and set forth in that affidavit “ evidence that could properly be considered on a motion for summary judgment in support of a new pleading” (OPLR 3211, subd. [e]) with respect to the defects hereinabove noted in the present pleading as to each of the moving defendants.