Jack Stanislaw, J.
Plaintiffs’ complaint, spanning 63 pages with 316 numbered allegations and alleging 8 causes of action generally in the nature of a corporate shareholder’s derivative suit, is the object of one defendant’s motion to dismiss. All the defendants are past and present officers and directors of the corporation. This motion is founded on the following deficiencies of the complaint as proposed by the movant: (1) insufficiently descriptive of causes of action against the movant, (2) untimely and barred by statutory limitation of time, (3) indefinite and obscure, and (4) irrelevant, repetitious, conclusory and, on the whole, prejudicial.
If the objection as to timeliness be well taken the remaining objections became moot, so initially we consider this issue. Defendants are or were associated with Security National Bank of Long Island. The bank is “A 1 moneyed corporation ’ * * * formed under or subject to the banking law ” (General Corporation Law, § 3, subd. 6). At the commencement of this action, prior to September 1, 1963, the applicable Statute of Limitations could be found in subdivision 4 of section 49 of the Civil Practice Act. Accruing from the time of discovery of facts giving rise to the action, three years are allowed for the action to be started. With the inception of the Civil Practice Law and Buies the period was expanded to six years, but the time runs from the commission of the acts and not from their discovery (§ 213, subd. 8). It seems that the more elastic discovery period created difficulties in trying to distinguish discoverable and hidden, nondiscoverable facts. But the current provision gives indication of past interpretation and application. Before, discovery could be made at almost any time (Mencher v. Richards, 283 N. Y. 176) in actions involving 11 moneyed corporations ”, although a distinctively more acute problem was presented in applying limitation to other kinds of corporations (cf. Chance v. Guaranty Trust Co., 173 Misc. 754, affd. 257 App. Div. 1006, affd. 282 N. Y. 656). A comparison of the present limitation with the prior one leads more or less irresistibly to the conclusion that this lawsuit was not barred by subdivision 4 of section 49 of the Civil Practice Act. Since plaintiffs proceed on the theory of timely discovery, the action appears to be active and valid at this time (CPLB 218). Lx any event, the nature of this objection alone would require further consideration as it is not particularly amenable to summary disposition. (Mencher v. Richards, 256 App. Div. 280.)
*896 There is an objection made to the failure of the complaint to repeat allegations in describing the several causes of action. This essentially formal reaction was recognized as such recently and has been disposed of by section 3014 of the Civil Practice Law and Rules (see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3014.07).
Passing along to a major part of the exceptions taken to this pleading, best categorized as protestive of verbiage used both specifically and in toto, scores of illustrative words and phrases are classified as conclusory, insufficient, indefinite and improper, to cite only a few characterizations. Without delving into each of the countless examples isolated by this defendant we might first examine applicable practice provisions and theory which can serve to clarify the nature of the objections here taken as well as their ultimate disposition. Formerly, a pleading had to state material facts (Civ. Prac. Act, § 241). The requirement now is “ Statements * * * sufficiently particular to give the court and parties notice” (CPLR 3013). This change is reflective of the decisional trend previously and points to not only less formalized pleadings but also to the elimination of obscure distinctions inherent in words such as 11 conclusions ’ ’, “ultimate (and other kinds of) facts”, and similar others. These classifications and their status and effect as or in pleadings have been eliminated. Now, if notice, or literally comprehension, can be had from a pleading the method of attaining the communicable pattern becomes secondary. Moreover, ‘1 meticulous particularity should not be demanded and redundant and irrelevant matter should be ignored unless it works to the prejudice of a party.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 3013.03.) Here the complaint is patently repetitive at least in part, but aside from the fact that this might be expected in the course of a 63-page complaint, it can be for the most part 11 ignored ’ ’ inasmuch as the defendant has shown no prejudice as a result thereof (other than possibly the huge amount of time and effort required to read, collate and then answer this document properly).
Rule 3014 of the Civil Practice Law and Rules states that the consecutively numbered paragraphs of a pleading “ shall consist of plain and concise statements ”. This does not license any and all statements including those without the bounds of reason and understanding. (Mordkowitz v. Mordkowitz, 13 Misc 2d 495; Safer Beef Co. v. Northern Boneless Beef, 15 A D 2d 479; Jennings v. Burlington Ind., 17 A D 2d 188; Tankoos v. Conford Realty Co., 248 App. Div. 614.) In this case the problem is not one of superfluous verbiage so much as it is *897 of a great deal of verbiage that is nevertheless understandable, largely pertinent, and “ plain and concise ”, with due regard for the nature of the action.
Special attention can be directed here to section 3026 of the Civil Practice Law and Bules: ‘ ‘ Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.” This procedural direction taken together with those other standards enumerated in article 30 of the Civil Practice Law and Rules, establishes the intent and meaning of the new rules and law in the disposition of corrective motions addressed to pleadings so as to arrive at the heart of litigation as soon as possible. Practice more amenable to stylized and formal requirements is curtailed, and an early consideration of the merits of litigation is made the goal. Even before the adoption of the new ground rules the courts demonstrated positive leanings to this reformation of procedural attitude (Condon v. Associated Hosp. Serv., 287 N. Y. 411; Clevenger v. Baker Voorhis & Co., 8 N Y 2d 187).
Assuming this complaint then to be defective in form, it will nevertheless stand, absent a showing of prejudice, which must be prejudice to a substantial right (CPLR 3026). Demonstrable prejudice would also suffice to eliminate any indefinite and irrelevant material as so provided by subdivisions (a) and (b) of rule 3024 of the Civil Practice Law and Rules. This latter rule, when read especially in connection with section 3013 and rule 3014 of the Civil Practice Law and Rules, appears more additional to than supplementary of a right to “ plain notice ”. Otherwise, any words in any form might measure up and an undesired degree of informality be attained. Of course, “ plain notice” is capable of being “vague” or “scandalous or prejudicial,” and therefore within subdivisions (a) and (b) of rule 3024 of the Civil Practice Law and Rules. But even subdivision (b) of rule 3024 is limited: the allegedly scandalous or prejudicial matter must be “ unnecessarily inserted ”. Again a limitation on motions corrective of pleadings based upon form rather than substance appears. When we speak of “unnecessary insertion ” apparently we are in the realm of relevancy. Presumably, prejudicial matter in a pleading could be permitted to remain there if it were relevant, and of course this is entirely possible (Ledwith v. Ignatius, 179 Misc. 394, affd. 265 App. Div. 987).
Now we are considering unnecessary prejudice. Proceeding then, what is that prejudice sufficient to cause the excising of part or all of a pleading? A definition is difficult except as the effect of a given statement can be projected as being capable of *898 producing harm without justification in court. On the other hand, it must be borne in mind that the prejudice must also be almost completely irrelevant, for some prejudice is unavoidable. (Shore Poster Adv. Corp. v. Richmond Poster Adv. Co., 104 N. Y. S. 2d 1009.)
Turning finally to the complaint here, movant in memorandum has registered not only a low opinion of many of the allegations due to their prejudicial tendencies and general uncertainty and irrelevancy. All of the causes of action are attacked as being unsupported as well as conclusory in nature. It seems the theory of plaintiffs is apparent but the embracing allegations faulty. By the characterization of these causes there is acknowledged a recognition of material elements and a fortiori notice of that intended to be proved (CPLR 3013).
Going further, although causes of action are purportedly described inadequately they are also too verbose. There is too little yet too much. Causes are not stated, yet if they are then improperly so. However, the complaint on the whole is classified as a stockholder’s derivative suit for fraud, conspiracy, waste, mismanagement and breaches of fiduciary duties. It is difficult to perceive a manner of pleading such charges without the use of most of the language used here and objected to (cf. Manco Distrs. v. Bigelow-Sanford Carpet Co., 11 A D 2d 1088; Solomon v. La Guardia, 267 App. Div. 435). In the context of this lawsuit these statements can be specifically established. In fact, they are for the most part inextricably intertwined with the allegations made, forming not only description but also a material part of them (Abrams v. Allen, 297 N. Y. 52; Hart v. City of Glens Falls, 8 A D 2d 654). Therefore, any prejudice alluded to as destructive of the legal efficacy of the complaint is simply that which is encountered in most like actions. Any conceivable prejudice to this defendant which may occur follows not by reason of unnecessary insertion where such allegations are relevant and even helpful and enlightening.
The causes of action asserted are set forth legitimately, rationally and are pregnant with substance. They are sufficient, and the within motion is therefore denied. Defendant shall have 20 days from the service of a copy of the order to be entered herein to serve responsive pleadings.