Jack Stanislaw, J.
Two of defendant’s affirmative defensesconnterclaims are objected to as insufficient and made the subject of plaintiff’s motion to dismiss. These particular pleadings generally allege special damages, the result of the improper acts and conduct of plaintiff and another.
Initially, plaintiff has difficulty categorizing the theory of these pleadings. It feels that defendants are dealing with either defamation or prima facie tort. Nevertheless, either or both are claimed to have been insufficiently stated. If we are dealing with defamation, no publication is alleged nor have the actual defamatory words been pleaded (CPLR 3016). As to both propositions it is argued that the required itemization of special damages is lacking, thereby rendering them inadequate and subject to dismissal (CPLR 3015, subd. [d]).
It is true that pleadings generally need not be amenable to pro forma characterization as one or another distinctly outlined concept complete with .label and absolutely essential allegations (CPLR 3013; Foley v. D’Agostino, 21 A D 2d 60; Severino v. Salisbury Point Co-ops., 21 A D 2d 813; Hewitt v. Maass, 41 Misc 2d 894, by this court). Assuming then that the defenses-counterclaims provide notice to the court and parties, the issue narrows to a consideration of the meaning and intent of CPLR 3015 (subd. [d]), calling for the itemization of special damages. It should be noted here that defendants have characterized their damages as special damages.
Two of the major texts dealing with the CPLR differ substantially in their approach to the need for and requirements of the pleading of special damages, with reference to the statement found in CPLR 3015 (subd. [d]). On the one hand, the assumption is that this CPLR statement " codifies existing case law ” and derives from subdivision (g) of rule 9 of the Federal Rules of Civil Procedure. The fact of the existence of CPLR 3015 (subd. [d]) is viewed at least to some extent as providing “ an *564 adequate reminder ’ ’ which will perhaps reduce a common oversight in the failure to fully plead special damages. Parties are urged to fully itemize special damages, or at least “ to pay considerable attention to his statement of special damages.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3015.14 et seq.)
On the other hand, Professor David D. Siegel, in his “ Practice Commentary ” on the same CPLB, section (7B McKinney’s Laws, 3015), states that subdivision (d) was never intended to remain a part of it. Since the same information required by this subdivision can be obtained through a bill of particulars the provision is seen as unnecessary in most cases. At best, where such damages constitute one element of the cause of action, the absence thereof would simply require an amendment as opposed to outright dismissal. The variation appears to be not so much as to the statement of special damage, but rather the degree each writer would apply to the key word “ itemization ”. One emphasizes, the .other minimizes.
A cause of action for prima facie tort concededly calls for the pleading of special damages (Hecht v. Air Reduction Co., 41 Misc 2d 463, citing other authority as well). Itemization is required, but that can mean either great detail set forth in the primary pleading or minimal allegation to be amplified by a subsequent bill of particulars.
Damages not necessarily flowing from the particular wrong stated are required to be specially pleaded in order to prevent surprise. Although a bill of particulars will amplify a more or less generalized statement and thus effectuate the desirable goal of preventing surprise, where does that proposition leave litigants? Obviously the theory of procedure embodied in the CPLB is based upon disposition of litigation on the merits Avherever possible. Formalities formerly observed have been relegated to an inferior status, and the ultimate determination on the merits is the focal point of simplified pleadings, extensive pretrial disclosure, and the like. Is CPLB 3015 (subd. [d]), then an anomaly, to be skirted if not ignored; a mistake, a relic of insignificant meaning if of any meaning at all ?
Attention has been directed here to a procedural problem based upon certain language in the CPLB. It does seem, though, that itemization of special damages is also a quasi-substantive device. Extraordinary damages, where an essential element of a cause of action, are such due to the nature of those causes which necessarily imply a “different” kind of injury. Expeditious disposition of a lawsuit on its merits is accomplished not only by avoidance of formality and secrecy, but also by the pleading of those elements of the action which, as here, substan *565 tially demonstrate the validity thereof. The nature of special damages, per se, is essentially ethereal when simply labeled and abandoned. It is not dispositive of litigation to permit continuation to a point where later disclosure will uncover deficiencies. This is not to agitate for a return to formally delimited pleadings, but rather to embrace that much of this quasi-substantive requirement vis-a-vis special damages as tends perhaps to validate the pleading and qualify what might otherwise incline to litigiousness in many instances.
Subdivision (d) of CPLR 3015, is taken by this court to be remedial in intent and economic .in application. The itemization called for does not call for anything more by way of compliance than formerly was the case, but rather reinforces and reiterates the inherent value .of such practice. In this light the provision is not antiquated or at odds with what is generally agreed to be the theoretical basis of the CPLR: the fair, quick and effective disposition of litigation.
Because of the nature of this motion and the unusual question presented defendants shall have leave to replead (cf. CPLR 3211, subd. [e]). The motion is, of course, granted.