Daniel E. Fitzpatrick, J.
In an action for specific performance, plaintiff moves pursuant to CPLR 3211 (subd. [a], pars. 6 and 7) to dismiss the counterclaim of the defendant and, pursuant to CPLR 3103, to vacate a notice for examination before trial or, in the alternative, to modify such notice.
Plaintiff and the late Julius Nussenblatt entered into a partnership agreement in January, 1967. In July, 1967 the partners executed a buy and sell agreement, the purpose of which was to provide for the purchase by the survivor of the decedent’s interest in the partnership and to provide the funds necessary to carry out the purchase.
Defendant Edith Nussenblatt, executrix of the estate of Julius Nussenblatt, admits that the partners entered into the agreement, but as an affirmative defense alleges that it was canceled by the partners in April, 1968. Said defendant’s answer also includes a counterclaim in which she demands an accounting. In the counterclaim, however, she fails to reallege paragraphs 8, 9, and 10, which are to the effect that the agreement was canceled, that the partnership continued until her husband’s death, and that her husband died having a 50% interest in the partnership. Plaintiff now moves to dismiss the counterclaim because of the defendant’s failure to allege the afore-mentioned facts in the counterclaim, and contends that, in not denying the existence of the agreement, defendant is not entitled to an accounting (Hermes v. Compton, 260 App. Div. 507).
The plaintiff’s contention is without merit. The fourth sentence of CPLR 3014 provides that: “ Prior statements in a pleading shall be deemed repeated or adopted subsequently in *794 the same pleading whenever express repetition or adoption is —.unnecessary for a clear presentation of the subsequent matters ”. In regard to this sentence in CPLR, 3014, it is stated in Weinstein-Korn-Miller, New York Civil Practice (vol. 3, par. 3014.07): “ The new language eliminates any need for the standard paragraph found in pleadings under the Civil Practice Act which stated that the pleader ‘ repeats and realleges each and every allegation contained in paragraph — to paragraph— inclusive with the same force and effect as if the same had been more fully set forth hereunder.’ In effect CPLR 3014 overrules such cases as Latman v. Kalmor Builders, Inc. [137 N. Y. S. 2d 240, mod. 285 App. Div. 956], iii which the court dismissed a cause of action for fraudulent misrepresentation because it did not allege the relationship of the parties and the nature of the misrepresentation. These matters had been alleged in connection with another cause of action but had not been expressly incorporated by reference.” (Cf. Hewitt v. Maass, 41 Misc 2d 894.)
In the instant case, the matters left out of the counterclaim were previously alleged in the affirmative defense contained in the same pleading, and it is the opinion of this court that, as far as a motion to dismiss for insufficiency is concerned, they are deemed repeated and adopted in the counterclaim (CPLR 3014, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3014.07), and, as such, the counterclaim states a cause of action for an accounting and will not be dismissed. With regard to clarity and in order to remove any doubt as to the pleading in future proceedings, however, the defendant is directed to amend the answer and reallege paragraphs 8, 9, and 10.
As to the objection that the counterclaim fails to allege the absence of an adequate remedy at law, the facts alleged indicate an action in equity will be necessary if the affirmative defense of cancellation be proven, and it is unnecessary to allege such fact in terms. (Rockefeller v. Kellas, 222 App. Div. 368; Majestic Loose Leaf v. Cannizzaro, 10 Misc 2d 1040; 5 Carmody-Wait 2d, New York Prac., § 29:924.)
Accordingly, the branch of the motion by plaintiff to dismiss the counterclaim is denied, and defendant is directed to serve an amended answer in conformity with the opinion. That branch of plaintiff’s motion that seeks relief pursuant to CPLR 3103 is granted to the extent of striking that part of the notice that seeks production of the buy and sell agreement, since such agreement and its terms are admitted by the pleading, and. are otherwise denied; and the alternative ground of that 'branch of *795 the motion which seeks to change the place of the examination before trial is denied, since plaintiff has failed to show sufficient reasons for such change. (Allen v. Brower, 21 A D 2d 876.) Plaintiff is directed to appear for an examination before trial at the office of the defendant’s attorney within 15 days from service upon him of a copy of the order to be entered with notice of entry.